## 30517. HEYWARD v. THE STATE.

HILL, Justice.

This is another lineup identification case. It rises like the mountain, because it is there.

Earl Heyward was tried by jury in November 1974 for the offense of armed robbery. He was convicted and the jury fixed his sentence at twenty years. He appeals.

The evidence introduced by the state showed that four female employees of a mortgage company were in the office on March 1, 1974, when two black men entered. The taller man held a pistol. They left after taking about $12,000 in checks and $2,500 in cash. The defendant is six feet, four inches tall.

Police showed photographs to the four witnesses and conducted a lineup within a week of the robbery. One of the witnesses identified the defendant from the photographs but was unable to identify him in the line-up. Two other witnesses were unable to identify the

defendant from the photographs but separately identified him in the lineup. All three of these witnesses identified the defendant at trial. The fourth witness was unable to identify the defendant from the photographs, in the lineup, or at trial.

The defendant's motions to strike the identification testimony and for directed verdict based upon lack of admissible identification evidence, were overruled.

Three alibi witnesses for the defendant testified that he was with them at the time of the robbery. The defendant took the stand and denied involvement in the robbery.

After the jury found the defendant guilty, the jury sentenced him to twenty years. The defendant's motion for a new trial was denied and he appeals.

1. Defendant argues that his motion to strike the identification testimony by three of the four eyewitnesses and their testimony concerning identification of him from the photographs and at a lineup should have been granted on the ground that the lineup was impermissibly suggestive.

The lineup was held six days after the robbery. It consisted of the defendant and five others—all black males. The defendant contends that it was overly suggestive in that he is 6' 4" tall. One of the other men in the lineup was 6' 1" and the rest were shorter.

A police detective testified that the lineup consisted of males of approximately the same age and weight as the defendant. He stated that at the time the lineup was conducted this was as close as the police could come to getting a group with the same general description, including height, as the defendant.

Regarding tall defendants, see the methods used by police to overcome this feature in *Payne v. State,* 233 Ga. 294, 297 (210 SE2d 775) (1974).

Pre-trial identification procedures are subject to the due process guarantee of fair trial. The most recent decision by the United States Supreme Court on this point is Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972). In Neil the court reviewed its four prior decisions in this area and noted that in only one of these, Foster v. California, 394 U. S. 440 (89 SC 1127, 22 LE2d 402)

(1969), was the identification procedure found to violate due process. In Neil, the court summarized Foster, supra, p. 197, as follows: "There, the witness failed to identify Foster the first time he confronted him, despite a suggestive lineup. The police then arranged a showup, at which the witness could make only a tentative identification. Ultimately, at yet another confrontation, this time a lineup, the witness was able to muster a definite identification. We held all of the identifications inadmissible, observing that the identifications were 'all but inevitable' under the circumstances." As Mr. Justice Fortas had pointed out in Foster, supra, p. 443: "In effect, the police repeatedly said to this witness, 'This is the man.'" See also *Baier v. State,* 124 Ga. App. 334 (183 SE2d 622) (1971).

Although it is true that the display of photographs to these witnesses may have suggested to them the identity of the defendant when they saw him in the lineup, it should be noted that one of these witnesses identified the defendant from the photographs. Moreover, here the first lineup consisted of six men whereas in Foster the first lineup consisted of three men, and there was no showup here as there was in Foster. Here three of these witnesses identified the defendant whereas in Foster only one witness was involved. We find that the case before us does not rise to the Foster or *Baier* level of the police saying to these witnesses, "This is the man."

Neil v. Biggers, supra (p. 199) provides the test: "We turn, then, to the central question, whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive. As indicated by our cases, the factors to be considered in evaluating the likelihood of misidentification include [1] the opportunity of the witness to view the criminal at the time of the crime, [2] the witness' degree of attention, [3] the accuracy of the witness' prior description of the criminal, [4] the level of certainty demonstrated by the witness at the confrontation, and [5] the length of time between the crime and the confrontation."

In order to raise the question of suggestiveness, the defendant, as he must, points to particularities of the

circumstances, namely his height. He does not go forward to point out the "totality of the circumstances" as he must in order to prevail. The state, however, relies on the "totality of the circumstances" as it is authorized to do.

(1) The witnesses had opportunity to view the criminal at the time of the crime, considering both the amounts of time involved and light available. Cf. Coleman v. Alabama, 399 U. S. 1 (90 SC 1999, 26 LE2d 387) (1970), where the witness had a brief look at his assailant in the headlights of a passing car. See also *Payne v. State,* supra; *Griffin v. State,* 229 Ga. 165, 166 (190 SE2d 61) (1972).

(2) The witnesses' attention was focused on the robbery. They were its victims. Only two persons unknown to them were present, the robbers. See *Yancey v. State,* 232 Ga. 167, 169 (205 SE2d 282) (1974).

(3) The prior descriptions given by the witnesses were only general in nature and even attributed more weight to the defendant than was accurate. See Coleman v. Alabama, supra; *Payne v. State,* supra, 233 Ga. 294, 298.

(4) The three witnesses were certain of their pre-trial identifications and at trial that certainty remained. Regarding certainty, see *Payne v. State,* supra, p. 297; *Hughes v. State,* 228 Ga. 593 (4) (187 SE2d 135) (1972).

(5) Less than a week elapsed between the robbery and the lineup. Cf. Neil v. Biggers, supra.

By citing extreme cases in connection with each of the foregoing factors we do not wish to be understood as implying that in a case demonstrating the extreme of each and every factor, the identification procedure would be approved. On the contrary, the point is that even though there be particularities which are extreme, such particularities must be evaluated with the other factors to determine the totality of the circumstances.

Considering the totality of the circumstances here, we do not find that defendant was denied a fair trial by the identification procedures. It was not error to overrule the motion to strike identification testimony and the companion motion for directed verdict. Defendant's related enumerations of error (e. g., the overruling of his motion for new trial on the general grounds) are thus

without merit. *Ridley v. State,* 236 Ga. 147 (1) (1976).

2. In this case the state was not seeking to impose the death penalty. After the jury found the defendant guilty, the jury was then given the task of setting his sentence, which they did at 20 years. The defendant contends that Code Ann. § 27-2503 requires sentencing by the judge rather than the jury in all felony cases except those in which the death penalty may be imposed. *Jessen v. State,* 234 Ga. 791 (218 SE2d 52) (1975).

The state is in agreement with the defendant as to this enumeration of error. The case must be remanded to the trial court for resentencing by the judge. *Wheeless v. State,* 135 Ga. App. 406 (10) (218 SE2d 88) (1975).

*Judgment affirmed and remanded to the trial court for resentencing. All the Justices concur, except Gunter and Ingram, JJ., who concur in the judgment only.*

ARGUED JANUARY 12, 1976 — DECIDED APRIL 6, 1976.

*Gerald H. Cohen,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Joseph D. Newman, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.