## 53256. LOWE v. THE STATE.

QUILLIAN, Presiding Judge.

This is the third appearance of this case before us. See *Lowe v. State,* 133 Ga. App. 420 (210 SE2d 869), and *Lowe v. State,* 136 Ga. App. 631 (222 SE2d 50). Defendant again appeals his conviction of the offense of aggravated battery. The state's evidence showed defendant and another person attempted to rob Thomas Thompson and Marvin Carter who were making monthly collections due a furniture store. Defendant inserted a pistol into the car and stated something which was unintelligible. Mr. Thompson thought he mentioned money and reached for his wallet. Defendant fire his pistol. The bullet went through Mr. Thompson's hat and hit Mr. Carter in the neck. He is now paralyzed from the neck down.

Defendant contended Mr. Thompson should not have been permitted to identify defendant in court as pre-trial identification procedures were impermissibly tainted. Secondly, he asserts that he was denied a "public trial" because the "court erred in excluding the public from the courtroom" over his objection. He appeals. *Held:*

1. A police detective took "six or seven" photographs to the home of Mr. Thompson. He ultimately identified defendant's photograph. The detective then advised him

defendant "had been arrested before for the same offense and also . . . for murder, killing a boy in a holdup . . . had committed several robberies in that area and they just never had been able to pin anything on him and that he also killed a boy a few nights before." Later, a lineup was held in the courtroom during the preliminary hearing and defendant was again identified.

"[C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U. S. 377, 384 (88 SC 967, 19 LE2d 1247); Dodd v. State, 236 Ga. 572, 573 (224 SE2d 408). However, even though pre-trial identification procedures may be "impermissibly suggestive," if the witness' identification is based upon "observations at the time of the assault," and the court is satisfied by "the totality of the circumstances" that the identification was reliable even though the identification procedure was suggestive a new trial is not required. Heyward v. State, 236 Ga. 526, 529 (224 SE2d 383); Coleman v. Alabama, 399 U. S. 1 (90 SC 1999, 26 LE2d 387); Neil v. Biggers, 409 U. S. 188 (2) (93 SC 375, 34 LE2d 401).

We find no prejudice for several reasons. First, defendant was clearly observed by the witness at a distance of "12 to 18 inches" during the incident. He testified that he "saw his face . . . saw it clearly. . . He made an indelible impression on me that night when he came to the window of the car. I am identifying him on that basis." We are convinced that the witness' identification of defendant had a source independent of the photographic display.

Secondly, the defendant was identified by a witness who saw defendant shoot the victim and had known defendant for "eight or nine years." Thus, even if the procedure followed had been error, no harm was done to defendant who was identified conclusively by other witnesses as the person who shot the victim. While we do not approve of the method used in this case, we find no merit to this enumeration. See Dodd v. State, 236 Ga. 572,

573, supra, for condemnation of a similar practice.

2. The judge announced that he had been advised by the district attorney that the next state's witness "was afraid to testify because of the fear of possible bodily harm if the witness testified in open court in the presence of certain persons who lived in the same neighborhood where some of the parties in this case live." He announced that "it would be in the interest of justice that the spectators be temporarily excluded from the courtroom for the next few minutes . . . [and then] all the spectators might come back. . ." The defendant objected on the ground that "sufficient cause has not been shown . . . to exclude the public . . . [which] would deny the defendant on trial his right to an open and public trial."

The Sixth Amendment to the United States Constitution and Art. I, Sec. I, Par. V of the Georgia Constitution of 1945 guarantees, inter alia, that "[e]very person charged with an offense against the laws of this State . . . shall have a public and speedy trial by an impartial jury." The purpose of the requirement for a "public trial was to guarantee that the accused would be fairly dealt with and not unjustly condemned." Estes v. Texas, 381 U. S. 532, 538 (85 SC 1628, 14 LE2d 543).

The right to a public trial is deeply rooted in the history and jurisprudence of our nation. We distrust secret inquisitions and star chamber proceedings. Presence of the press, the bar, and spectators guard against possible abuse of the judicial process (In re Oliver, 333 U. S. 257, 270 (68 SC 499, 92 LE 682)), and tend to assure trustworthy testimony. Tanksley v. United States, 145 F2d 58 (9th Cir. 1944). The "public trial" concept has however "never been viewed as imposing a rigid, inflexible straitjacket on the courts. It has uniformly been held to be subject to the inherent power of the court to preserve order and decorum in the courtroom, to protect the rights of parties and witnesses, and generally to further the administration of justice. See Bowers, Judicial Discretion of Trial Courts (1931), § 262, pp. 296-297; 6 Wigmore, [on Evidence (3d Ed. 1940)], p. 338; 1 Bentham, [Rationale of Judicial Evidence], p. 541 et seq." People v. Jelke, 308 NY 56 (123 NE2d 769); 23 CJS 856, Criminal Law, § 963 (3).

"[I]t is a well-recognized principle of our law that the judges of . . . [our] courts are invested with a wide discretion in the management of the business before them, and this discretion will not be controlled unless it is shown to have been manifestly abused." *Perryman v. State,* 114 Ga. 545, 546 (40 SE 746); *Atlanta Newspapers, Inc. v. Grimes,* 216 Ga. 74, 79 (5) (114 SE2d 421); *Nunnally v. State,* 235 Ga. 693, 699 (2) (221 SE2d 547). See Code § 24-104 generally.

Closing the courtroom to *spectators* is a frequent and accepted practice where lurid details of sexual acts must be related by a female witness. Harris v. Stephens, 361 F2d 888 (8th Cir. 1966). And appellate courts find no fault with such procedure where "all spectators except those who were members of the press or members of the bar, or relatives . . . or close friends of defendant, or relatives or close friends of the minor witnesses" have been excluded. Geise v. United States, 262 F2d 151 (9th Cir. 1958), cert. den., 361 U. S. 842 (80 SC 94, 4 LE2d 80); *Moore v. State,* 151 Ga. 648 (1) (108 SE 47), appeal dismissed, 260 U. S. 702 (43 SC 98, 67 LE 471). Such limited closure is not in violation of an accused's constitutional rights. 151 Ga. 648 (1), supra.

In balancing the competing interests of the witness, the defendant, and justice, where the judge closes the courtroom to the general public, but otherwise keeps it open to the press and bar, a defendant would not necessarily be deprived of a "public trial." People v. Hagan, 24 NY2d 395 (248 NE2d 588), cert. den., 396 U. S. 886 (90 SC 173, 24 LE2d 161). In Hagan the defendant was charged with assassinating Malcolm X. The court excluded the "press and public from the courtroom" during the testimony of a witness who "feared for his life, and threats had been made against him. . ." The Court of Appeals held that where the "witness feared for his life, and threats had been made against him, and he was not going to testify, exclusion of press and public from courtroom during witness' testimony, which was a small segment of the trial, did not deprive defendants of their right to a 'public trial' . . ." 248 NE2d 588, supra. Accord, United States ex rel. Bruno v. Herold, 408 F2d 125 (2d Cir. 1969); see generally 23 CJS 856, Criminal Law,

§ 963 (3); Annot. 48 ALR2d 1436, 1449 (§ 6).

We find no abuse of discretion of the court in the exclusion of "spectators" during the testimony of one witness who was in "fear of possible harm" because of testimony to be given.

*Judgment affirmed. Stolz and Shulman, JJ., concur.*

SUBMITTED JANUARY 11, 1977 — DECIDED FEBRUARY 7, 1977 — REHEARING DENIED FEBRUARY 28, 1977 —

*Jack Dorsey,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.