## 32481. GRAVITT v. THE STATE.

HALL, Justice.

Appellant Gravitt appeals from his conviction and life sentence for armed robbery.

1. We find no abuse of discretion by the trial court in denying appellant's motion for a continuance.

2. There being no showing that the lack of information impaired his defense, the trial court did not err in denying appellant's motion for an in camera inspection of the district attorney's files for discovery purposes. *Hicks v. State,* 232 Ga. 393 (207 SE2d 30) (1974).

3. Appellant's contention that the trial court erred

in refusing to order disclosure of the informer's identity is without merit. The informer was a mere tipster who neither witnessed nor participated in the robbery. *Thornton v. State,* 238 Ga. 160 (2) (231 SE2d 729) (1977).

4. Appellant contends that the court erred in admitting the identification testimony of the victim on the ground that the process through which the identification was obtained was impermissibly suggestive. About two weeks before the robbery took place, GBI agents showed a picture of the appellant to the victim and told the victim that the appellant might rob him. This was based on information received from the informant. Shortly after the robbery, the victim identified appellant in a lineup. Appellant now argues that the lineup identification was so tainted by the fact that the eyewitness had been shown appellant's picture before the robbery that any testimony concerning the identification should have been excluded.

The mere fact that the victim was shown a picture of appellant before the crime was committed does not make the lineup identification per se inadmissible. Each case must be considered on its own facts, and the due process test looks to the totality of the surrounding circumstances. Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972); *Payne v. State,* 233 Ga. 294, 299 (210 SE2d 775) (1974). In Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247) (1968) the United States Supreme Court enunciated a two-part test. The threshold inquiry is whether the identification procedure was impermissibly suggestive. Only if it was need the court consider the second question: whether there was a very substantial likelihood of irreparable misidentification. *Payne v. State,* supra, at 299.

In Neil v. Biggers, supra, the United States Supreme Court noted that they had found identification procedures to be violative of due process rights in only one prior decision, Foster v. California, 394 U. S. 440 (89 SC 1127, 22 LE2d 402, 442) (1969). In that case the witness failed to identify Foster the first time he confronted him, despite a suggestive lineup. The police then arranged a showup, at which the witness could make only a tentative identification. Ultimately, at yet another confrontation,

this time a lineup, the witness was able to muster a definite identification. The court held the identifications were all but inevitable under the circumstances.

Although we will concede that showing the victim a picture of appellant before the robbery may have suggested to him the identity of appellant, it must be pointed out that at trial the victim testified under oath that his lineup identification was in no way influenced by the picture he was shown. Furthermore, the level of suggestiveness here clearly does not approach that which existed in Foster.

We turn to the central question, whether under the totality of the circumstances the identification was reliable even though the identification procedure may have been suggestive. The factors to be considered in evaluating the likelihood of misidentification include the opportunity of the victim to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation and the length of time between the crime and the confrontation. Neil v. Biggers, supra, at 199.

Applying the above factors we find no substantial likelihood of misidentification. While the victim was being tied up, he was very close to the appellant for a period of fifteen to twenty minutes in a lighted room. The attention level of the victim was also very high as he testified that he had his mind on the appellant at all times. The appellant wore no mask during the robbery and the victim's recognition of the appellant at the lineup was quick and certain. Moreover, the lineup was held only three (3) days after the robbery. We conclude that the identification procedures used in this case did not violate the appellant's due process rights. Therefore, the trial court's decision to allow such evidence to be admitted at trial was not error.

5. We find no error in the trial court's overruling of the motions for mistrial. The first motion was made during the district attorney's direct examination of Mr. Walker, a detective with the DeKalb County Police Department. The district attorney asked the detective if there were any people looking at the lineup other than the

two eyewitnesses in this case. To that question the witness answered, "No, there were several people looking at the lineup. . . They were the only people in the particular case though." At that point the appellant's attorney moved for a mistrial on the ground that the questions tended to place the appellant's character in issue without relevancy. The argument here was that the questions led the jury to believe that people were looking for Mr. Gravitt in connection with other crimes in addition to the one involved in this case. The trial court denied the appellant's motion but gave extensive curative instructions to the jury upon their return to the courtroom. The jury members were told, ". . . you will not consider any facts in your mind and not consider any other crimes inferred in the lineup. You will not be concerned with any other offense."

The instructions given to the jury by the trial judge were sufficient to cure any error which may have resulted from the jury having heard the testimony.

The second motion for mistrial was made during the cross examination of Police Officer Franklin Thornton (GBI) by the defense counsel. The policeman was asked whether in the picture that he showed Mr. Evans before the robbery appellant had a beard or if he was clean shaven. Thornton answered, "It was a mug shot from the files of the DeKalb County Police Department. . . If there was a growth of beard, it was not such that it could be seen in the photograph, no." The appellant claims that the first portion of the answer was volunteered and not responsive to the question and that the answer tended to put the appellant's character at issue. We disagree. See *Fleming v. State,* 236 Ga. 434 (224 SE2d 15) (1976); *Johnson v. State,* 236 Ga. 616 (225 SE2d 14) (1976); *Woodard v. State,* 234 Ga. 901 (218 SE2d 629) (1974). The rationale supporting these decisions is that such evidence, without more, contains nothing to indicate that the defendant was guilty of previous crimes. In accordance with this line of precedent we find that the testimony of the officer did not put the appellant's character at issue.

6. The other enumerations of error are without merit. The evidence supports the verdict.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 1, 1977 — DECIDED SEPTEMBER 7, 1977 —
REHEARING DENIED SEPTEMBER 28, 1977.

*Harrison, Childs & Foster, Mobley F. Childs, C. David Wood,* for appellant.

*William F. Lee, Jr., District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson, Staff Assistant Attorney General,* for appellee.