## 56331. DEVLIN v. THE STATE.

SMITH, Judge.

The appellant was convicted of armed robbery after allegedly using a handgun to rob a motel desk clerk. The primary issues in this appeal are admission of (1) the desk clerk's in-court identification based on an allegedly tainted pre-trial photographic line-up, and (2) a handgun found on appellant's person much after the robbery and identified as similar to the one used in the robbery. Finding no error, we affirm the conviction.

1. In general, the trial court, on a motion to quash an in-court identification, must consider the possibility of misidentification by reviewing (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention at the time of the crime; (3) the accuracy of the witness' prior descriptions of the criminal; and (4) the level of certainty demonstrated by the witness at the time of confrontation. Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1973); Young v. State, 232 Ga. 176 (205 SE2d 307) (1974); Powers v. State, 147 Ga. App. 459 (1978). The witness here had a clear view of the culprit; her attention was focused on him; she gave a fairly accurate — though imperfect — description of him; and she selected the appellant's photograph from the line-up without equivocation. The trial court was authorized to conclude from all the evidence that there was not a substantial possibility of misidentification, that there were no unconstitutionally suggestive procedures involved in the photographic line-up, and that the in-court identification was therefore admissible.

The witness' prior inconsistent statements as to how the line-up was conducted do not render the photograph line-up tainted as a matter of law. The prior inconsistency goes only to the question of the identifying witness' credibility, a question which, along with the ultimate question of reliability of the identification, was properly submitted to the jury in this case. Code v. State, 234 Ga. 90 (214 SE2d 873) (1975).

2. A handgun, found in the appellant's possession nearly one month following the motel robbery, was introduced into evidence over the appellant's objection.

The desk clerk testified that the weapon was similar to the one the robber had used. The weapon was admissible: "'Evidence is relevant to show that accused owned, possessed, or had access to, tools, implements, or any articles with which the particular crime was or might have been committed, and that he owned or had in his possession weapons with which the crime was or might have been committed prior to, or after, the commission of the crime.'" *Wilson v. State,* 215 Ga. 782, 783 (113 SE2d 447) (1960); accord, *Sinkfield v. State,* 231 Ga. 875 (2) (204 SE2d 588) (1974).

3. The evidence discussed in this opinion being admissible, the sum of the evidence supported the verdict.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

SUBMITTED SEPTEMBER 11, 1978 — DECIDED OCTOBER 5, 1978 — REHEARING DENIED OCTOBER 25, 1978 —

*C. P. Brackett, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.