## 56836. BRADLEY v. THE STATE.

BANKE, Judge.

The appellant appeals the denial of his motion for new trial following his conviction for burglary.

The state presented three witnesses connecting the appellant with the crime. The first, Dorothy Hill, testified that she recognized the defendant as one of four occupants of a car which had passed by her house several times on the evening that the burglary occurred, headed to and from the victim's house, which was only a short distance away. She further testified that she reported these suspicious circumstances to the sheriff that same evening. The second witness was the burglary victim's seven-year-old son who was playing in Mrs. Hill's front yard during this period of time. After being declared competent to testify, he stated that he, too, had seen the appellant in the car and that one of the other occupants, co-indictee James Queen, told him that they intended to break into his house. The third witness was James Queen, who admitted participating in the burglary and stated that the appellant had also participated. However, he denied the statement attributed to him by the victim's son.

The appellant contends on appeal that the evidence was insufficient, that Mrs. Hill's identification of him at trial was tainted by a prior identification made at the preliminary hearing, and that the victim's son was not competent to testify due to his youth. *Held:*

1. The evidence was sufficient to support the verdict.

2. We agree that the confrontation at the preliminary hearing was unnecessarily suggestive. Mrs. Hill identified the appellant as he was being led, alone and handcuffed, into the preliminary hearing room. She had been summoned to the hearing for the express purpose of testifying against him, yet no precautions were taken to insure the integrity of the identification process. Although Mrs. Hill testified that no one pointed the appellant out to her and that she recognized him before becoming aware that he was handcuffed or that he was being escorted by a deputy, it defies reason to believe that she was not influenced by the circumstances under which the appellant was presented to her. Such one-on-one confrontations, arranged after the accused had already been charged with the crime and taken into custody, are both unnecessary and impermissibly suggestive. See *Towns v. State,* 136 Ga. App. 467 (221 SE2d 631) (1975). Accord, Moore v. Illinois, 434 U. S. 220 (98 SC 458, 54 LE2d 424) (1977). Compare *Walker v. State,* 139 Ga. App. 751 (1) (229 SE2d 546) (1976) (upholding an on-the-scene showup held five minutes after offense occurred); *Lowe v. State,* 141 Ga. App. 433 (1) (233 SE2d 807) (1977) (where a lineup was held at the preliminary hearing); *Price v. State,* 142 Ga. App. 504 (1) (236 SE2d 178) (1977) (upholding spontaneous identification of suspect in an office occupied by 8 to 10 people, where witness had no prior knowledge that suspect would be there).

We next turn to a determination of whether the suggestiveness of the confrontation at the preliminary hearing gave rise to a substantial likelihood of irreparable mistaken identification so as to render the in-court identification inadmissible. This is accomplished by an application of the "totality of the circumstances" test announced in Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401) (1972). See *Yancey v. State,* 232 Ga. 167, 169 (205 SE2d 282) (1976); *Heyward v. State,* 236 Ga. 526 (1) (224 SE2d 383) (1976). "[T]he factors to be considered in evaluating the likelihood of misidentification include [1] the opportunity of the witness to view the criminal at the time of the crime, [2] the witness' degree of attention, [3] the accuracy of the

witness' prior description of the criminal, [4] the level of certainty demonstrated by the witness at the confrontation, and [5] the length of time between the crime and the confrontation." Neil v. Biggers, 409 U. S. at 199, supra, as quoted in *Heyward v. State,* supra, at 528.

Mrs. Hill testified that she was paying close attention when she observed the appellant pass by in the car on the date of the burglary, and she exhibited great certainty about the identification which she made at the preliminary hearing. However, she was only able to observe the appellant for a couple of seconds, and her only view of him was from her front door as he passed by seated in the back seat of an automobile. Even though her attention may have been focused on the appellant during this brief period, "such attention is little compensation when there is such a limited opportunity of observation." *Towns v. State,* 136 Ga. App., supra, at 468. She did not have another opportunity to see the appellant until *five weeks later,* when the preliminary hearing was held — despite the fact that he had been arrested and placed in custody two days after the offense occurred. She did not offer the authorities any description of him in the interim. Thus, we are forced to conclude not only that the confrontation at the preliminary hearing was suggestive, but also that it intervened to give rise to a substantial likelihood of irreparable mistaken identification, so as to prevent an independent identification at trial. Therefore, the in-court identification should have been excluded.

Having determined that it was error to admit Mrs. Hill's identification of the appellant, we now turn to a determination of whether the error was harmful. The evidence was, of course, circumstantial. Mrs. Hill did not actually see the appellant or the other indictees commit any crime. The direct evidence against the accused came from co-indictee Queen and from the victim's child. Although Mrs. Hill's testimony certainly buttressed the credibility of these other two witnesses, it was merely cumulative thereof. For these reasons, we conclude that it is "highly probable that the error did not contribute to the judgment" and thus hold that it was harmless. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869) (1976).

3. "Where the trial judge examines a child as to its

understanding of the nature of an oath and determines that the child is competent to testify, his discretion, unless manifestly abused, will not be interfered with by this court. [Cits.] " *Sides v. State*, 213 Ga. 482 (3), 487 (99 SE2d 884) (1957). See generally Code § 38-1610. No abuse of discretion has been made to appear in this case. Contrary to the appellant's rendition of the transcript, the child did not state that his mother had promised him money if the appellant were convicted. He stated: "My mother said if I always tell the truth and didn't tell a lie, I would get some money after we finished court."

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

Submitted November 13, 1978 — Decided January 9, 1979 — Rehearing denied January 23, 1979 — ■■■■■■■■

*Henry & Wood, Jon Bolling Wood,* for appellant.
*William M. Campbell, District Attorney, Charles Donald Peppers, Assistant District Attorney,* for appellee.