## 59450. REDD v. THE STATE.

CARLEY, Judge.

Appellant was convicted of armed robbery. He now appeals the denial of his motion for a new trial.

1. In asserting on appeal the general grounds, appellant contends that the verdict finding him guilty of armed robbery is contrary to the evidence and decidedly against the weight of the evidence because of the inconsistent testimony of two of the eyewitnesses and because of alibi testimony of five witnesses all stating that appellant was with them on the day of the robbery. The state's evidence in this case consisted of three eyewitness identifications of appellant as perpetrator of the crime in question.

Issues regarding credibility of witnesses must be resolved solely by the jury. *Young v. State,* 232 Ga. 176 (205 SE2d 307) (1974); *Devlin v. State,* 147 Ga. App. 703 (250 SE2d 6) (1978). In this instance the jury, obviously, chose to believe the state's witnesses.

While the jury can and must weigh and analyze the evidence, an appellate court is restricted to a determination of the sufficiency of the evidence. *Davis v. State,* 151 Ga. App. 222, 223 (259 SE2d 207) (1979). The evidence here is clearly sufficient to support the verdict and our review of the entire record compels our conclusion that a rational trior of fact could reasonably have found from the evidence proof of the guilt of appellant beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Green v. State,* 152 Ga. App. 387 (262 SE2d 639) (1979).

2. Appellant's second enumeration of error complains of the

denial by the trial court of a defense motion to suppress the in-court identification of appellant by state's witnesses. Appellant argues that the pretrial identification procedures were so impermissibly suggestive that his due process guarantee of a fair trial was violated. This argument rests on two assertions. The first is that the perpetrator of the crime was described by eyewitnesses as having on a wide brim hat. A photographic array of several individuals which was prepared and shown to the eyewitnesses depicted only one person, appellant, wearing a hat. Secondly, appellant was wearing the same shirt at the lineup from which he was identified that he was wearing in the photographic array which was or may have been shown to eyewitnesses before reviewing the lineup.

Each case involving a photographic identification procedure must be considered on its own facts and "[c]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U. S. 377, 384 (88 SC 967, 19 LE2d 1247) (1968). We believe that in the instant case there is no doubt that the photographic array utilized is impermissibly suggestive. Thus, we must next determine whether under the "totality of the circumstances" the in-court identification was sufficiently reliable even though the pretrial procedure was suggestive. *Payne v. State,* 233 Ga. 294, 297 (210 SE2d 775) (1974); *Goswick v. State,* 150 Ga. App. 279 (257 SE2d 303) (1979). Here, only two of the eyewitnesses identified appellant from the photographic array in which he was depicted wearing a hat. However, prior to being shown the aforesaid photos, both of these witnesses had already informed the authorities they recognized one of the perpetrators of the crime as a man they had seen on different occasions and knew him by the name "Redd." Furthermore, one of the aforesaid witnesses testified that appellant approached him and told him to leave because he (appellant) was about to rob the store. Thus, as to the two witnesses shown the challenged photographic array, both had an "independent origin" for their in-court identification of appellant. *Code v. State,* 234 Ga. 90, 99 (214 SE2d 873) (1975). Considering the totality of the circumstances in this case, it cannot be said that the photographic array, though impermissibly suggestive, was conducive to irreparable mistaken identification. *Heyward v. State,* 236 Ga. 526 (224 SE2d 383) (1976).

The third eyewitness, a cashier in the store, could not make an identification from the photographic array shown to him, but he did

identify appellant at a lineup. Appellant argues that the lineup was suggestive because appellant was wearing the same shirt in the photos as in the lineup. This cashier testified that he observed appellant take money from two cash registers and then appellant came to his register and took money from it. This witness further stated that he stood face to face with appellant and that appellant moved his coat in order to reveal his gun. We find no substantial likelihood of misidentification. *Smith v. State,* 236 Ga. 5 (222 SE2d 357) (1976). There was sufficient evidence to support a finding that the in-court identification was entirely based upon observations at the time of the robbery and not induced by the conduct of the lineup.

For the reasons enunciated above, the trial court did not err in refusing to suppress the in-court identification of appellant by state's witnesses and leaving the question of credibility of the identifying witnesses to the jury. *Code v. State,* supra. We find no error for any of the reasons enumerated.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED FEBRUARY 14, 1980 — DECIDED APRIL 18, 1980.

*Michael E. Hancock,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.