## 60994. CALLAHAN v. THE STATE.

QUILLIAN, Chief Judge.

The defendant appeals his conviction of the offense of robbery. *Held:*

The defendant does not contest the sufficiency of the evidence to prove his guilt. His single enumeration regards the refusal of the trial court to suppress his in-court identification by the victim.

Pre-trial identification procedures are subject to the due process guarantee of a fair trial. *Heyward v. State,* 236 Ga. 526, 527 (224 SE2d 383). Thus, the issue is whether the identification process was reliable under the totality of the circumstances. Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401). Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247) sets up a two-step inquiry. First, is whether the procedure used was impermissibly suggestive, and only if it was, need the court then consider the second step — that is, whether there was a very substantial likelihood of irreparable misidentification. *Payne v. State,* 233 Ga. 294, 299 (210 SE2d 775).

The robbery occurred on school premises, and a few days after the robbery, the defendant and two other black males were causing a disturbance on the school grounds by playing music loudly. The police brought the three blacks to the office of the principal and the robbery victim was asked if he could identify anyone in the group. He pointed to the defendant and stated that he was the one who had taken his ring. The three black males were of average size. The defendant was slightly shorter. The other two were a little slimmer. The victim was certain of his identification because when the robbery occurred it had taken fifteen to twenty minutes. The defendant's accomplice had held his arms and the defendant had been in front of him striking him in "the stomach and everywhere else." The victim recognized him "because [he] remembered what he looked like . . . His appearance and his . . . short and stocky build."

We do not find the three man lineup impermissibly suggestive. *Hughes v. State,* 239 Ga. 393 (1) (236 SE2d 829). The victim had ample opportunity to view the defendant during the prolonged

robbery and was "sure" of his identification. We find no error.
*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

Decided January 8, 1981.

*Curtis W. Miller,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.