## 61238. CARTER v. THE STATE.

QUILLIAN, Chief Judge.

The defendant appeals his conviction for armed robbery. The sole enumeration of error reads as follows: "Did the trial court err, while granting the defendant's Motion to Suppress a show-up identification, in allowing an out-of-court photographic display identification into evidence, and the subsequent in-court identification, when the defendant had been advised of his right to counsel, demanded an attorney, but was denied counsel at this level

of the proceeding?" *Held:*

1. "A pre-indictment photographic identification does not require the presence of counsel. There is no established constitutional right to counsel at an out-of-court photographic identification where the defendant is not present." *Dodd v. State,* 236 Ga. 572, 574 (224 SE2d 408). Accord, *Key v. State,* 146 Ga. App. 536 (5) (246 SE2d 723).

2. There was a photographic identification of the defendant by each of two eyewitnesses. This was followed by each of the witnesses observing the defendant in a room with several police officers. The defendant's motion to suppress each of these identifications was heard outside the presence of a jury by the trial judge. The motion was denied as to the photographic identification but sustained as to the other ground. When the witnesses subsequently identified the defendant during the trial no objection was interposed. See *Smith v. State,* 144 Ga. App. 766 (1) (242 SE2d 363); *Hill v. State,* 238 Ga. 354 (233 SE2d 182).

Applying the two-pronged test of Neil v. Biggers, 409 U. S. 188 (93 SC 375, 34 LE2d 401) under the totality of circumstances we find the photographic identification procedures were not impermissibly suggestive. See *Heyward v. State,* 236 Ga. 526 (224 SE2d 383).

Moreover, there was no substantial likelihood of irreparable misidentification. See *Thornton v. State,* 238 Ga. 160 (231 SE2d 729). "The factors to be considered in evaluating the likelihood of misidentification include the opportunity of the victim to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation and the length of time between the crime and the confrontation. Neil v. Biggers, supra, at 199." *Gravitt v. State,* 239 Ga. 709, 711 (239 SE2d 149). Here, as in *Gravitt,* supra, the defendant wore no mask and his identification by the witnesses in the photographic display was quick and certain. The identification was made within a few hours of the crime.

The trial judge's decision to admit the evidence was not error. *Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 10, 1981.

*William E. Moore, Jr.,* for appellant.

*H. Lamar Cole, District Attorney, Richard Shelton, Assistant District Attorney,* for appellee.