## 61657. BELCHER v. THE STATE.

POPE, Judge.

Anthony Belcher was convicted of selling and distributing marijuana in violation of the Georgia Controlled Substances Act. His sole enumeration on appeal cites as error the admittance into evidence of an in-court identification. He contends this in-court identification was tainted by an impermissibly suggestive pretrial confrontation and also that it violated his Sixth Amendment right to counsel.

The evidence produced by the state showed that Georgia Bureau of Investigation agent Puchalski bought marijuana from appellant on March 4 and 6, 1980. These purchases were observed by GBI agent Cagle from his position in an automobile parked approximately 30 yards away. Both purchases were made at night on the front porch of the same house on Ivy Street in Covington, Georgia; the porch was lit by a single 75 or 100 watt light bulb. Puchalski stood very close to appellant on both occasions and got a good look at his face. Appellant's name was not given to Puchalski but was discovered by him through the tag number of the automobile parked next to the house at the time of the purchase on March 6.

Appellant was indicted on April 9, 1980 and was arrested pursuant to a bench warrant in August, 1980. Prior to trial Puchalski left the GBI and joined the Atlanta Police Bureau. On September 29, 1980 he went to the Newton County Jail to make sure that the man who had sold him the marijuana was in fact the man who had been arrested under the warrant. Puchalski's in-court identification of appellant as the man from whom he had purchased the marijuana on March 6 was admitted over objection and after a hearing as to its admissibility.

1. The evidence showed that when Puchalski observed appellant in jail, appellant was situated in a cell with five other men, four of whom were white and one who like appellant was black; the other black man in the cell bore no resemblance to appellant. This confrontation was tantamount to the widely condemned practice of showing a suspect singly to a witness for the purpose of identification. However, "[t]he fact of a one-on-one showup, without more, does not necessarily violate due process. Neil v. Biggers, 409 U. S. 188, 198 (93 SC 375, 34 LE2d 401) [(1972)]." *Goswick v. State,* 150 Ga. App. 279, 281 (257 SE2d 303) (1979). Simmons v. United States, 390 U.S. 377 (88 SC 967, 19 LE2d 1247) (1968), sets forth a two-part test in this regard. The first inquiry is whether the procedure used for identification was impermissibly suggestive. Pretermitting this issue in the case at bar, we turn our attention to the second part of the test:

whether there was a substantial likelihood of irreparable misidentification.

" '[T]he factors to be considered in evaluating the likelihood of misidentification include (1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation.' " *Heyward v. State,* 236 Ga. 526, 528 (224 SE2d 383) (1976), citing Neil v. Biggers, supra at 199. The evidence showed that Puchalski purchased marijuana from appellant on two separate occasions two days apart. Although these purchases were made at night, the area was well lit and Puchalski was close enough to appellant to take the marijuana from his hand. Puchalski, as an undercover agent in a narcotics investigation, was obviously focusing his attention on the man from whom he was purchasing the drugs; he testified that he got a good look at appellant's face on both occasions. Although the bench warrant was issued for appellant by name rather than by physical description, Puchalski testified as to the general description he had made following their March 4 meeting. Except that appellant was clean shaven at trial and had a beard while in jail, there is no evidence that this description did not accurately fit appellant. Puchalski was positive of his identification of appellant at the jail as well as at trial as the man who had sold him marijuana on March 6. Nearly six months elapsed before Puchalski observed appellant in jail on September 29, 1980. However, the evidence showed that appellant was not arrested until August, 1980. Moreover, appellant was no longer working for the GBI but was employed with the police department in Atlanta. Puchalski also testified that he had received training from the GBI to assist him in the identification of persons with whom he came into contact. Looking at the totality of the circumstances, we conclude that the trial court did not err in permitting Puchalski's in-court identification of appellant. Accord, *Hollingsworth v. State,* 155 Ga. App. 878 (1) (273 SE2d 639) (1980); *Bradley v. State,* 152 Ga. App. 902 (264 SE2d 332) (1980). In any event, the transcript showed that appellant was also positively identified at trial by GBI agent Cagle. Although Puchalski's testimony certainly buttressed Cagle's credibility, it was merely cumulative thereof. Therefore, it was highly probable that any error in admitting Puchalski's in-court identification of appellant was harmless. *Bradley v. State,* 148 Ga. App. 722 (2) (252 SE2d 648) (1979); see generally *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976).

2. Appellant also contends that the trial court's admittance of

Puchalski's in-court identification violated his Sixth Amendment right to counsel. The evidence showed that appellant had been indicted prior to the the time Puchalski visited the jail for the purpose of viewing appellant. Accordingly, appellant was entitled to the presence of counsel at that confrontation. Moore v. Illinois, 434 U. S. 220 (98 SC 458, 54 LE2d 424) (1977). However, we note that the state made no use of this pretrial identification of appellant to buttress its case-in-chief. In this regard see Moore, supra; Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178) (1967). In Division 1 of this opinion we held that the state had established by clear and convincing evidence that Puchalski's in-court identification had been based upon his observations of appellant other than the one at the jail. Therefore, although appellant was entitled to have counsel present when Puchalski viewed him at the jail, we conclude that under the circumstances in this case the trial court did not err in admitting this evidence. Moore, supra; United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149) (1967).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JULY 2, 1981.

*Ben F. Hendricks,* for appellant.
*J. W. Morgan, District Attorney, Michael Walker, Assistant District Attorney,* for appellee.