62387. MOORE v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted, tried and convicted of the offenses of armed robbery (two cases) and motor vehicle theft. A motion for new trial, as amended, was filed and denied. Defendant appeals, enumerating error only to the overruling of his motion to suppress as to the in-court identification testimony because the witnesses had been improperly and suggestively allowed to view the defendant while in custody shortly after his arrest. *Held:*

Three witnesses were called at trial to identify the defendant as the person who had committed the armed robberies. Only two of these witnesses were called at the motion to suppress hearing. These witnesses testified that they looked at the robber's face many times during the robberies and again approximately one hour later when he was apprehended after the robberies when they were asked if they could identify the defendant as the robber. At the completion of the motion to suppress hearing the trial court recited that in considering the totality of the circumstances it would conclude and find that the in-court identification of this defendant by both of these witnesses was based upon their opportunity to observe the defendant for a period of 10 or 15 minutes during the alleged robbery and that there might be some taint due to the "one on one" observation of the defendant (apparently just after being taken into custody). The court did not feel same was impermissibly suggestive and the in-court identification was not tainted to the extent that the testimony of the witnesses would not be admissible. The trial court in its order denying the motion to suppress made a finding of fact that the in-court identifications of the defendant were "based solely on the witness's observation of the defendant at the time the crimes charged . . . were committed, [and] the identification procedure used by the law enforcement officers shortly after said crimes were committed

was not impermissibly suggestive, and that under the totality of the circumstances the in-court identification of the defendant by said witnesses was not tainted by said procedure and said procedure did not create a substantial likelihood of misidentification." The circumstances of this case are entirely different from that of *Towns v. State,* 136 Ga. App. 467, 468-469 (1) (221 SE2d 631), upon which the defendant bases his contention that the procedure here was unduly suggestive. The case is more similar to that of *Yancey v. State,* 232 Ga. 167, 169 (205 SE2d 282), in that the trial court in the case sub judice, just as was the circumstances in *Yancey v. State,* supra, at page 169, determined from the totality of the circumstances that "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation," did not violate due process and met the requirements of Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401). See also, *Gravitt v. State,* 239 Ga. 709, 710-711 (4) (239 SE2d 149). We find no reversible error here.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED SEPTEMBER 16, 1981.

*Ben Ballenger, Carlton Vines,* for appellant.
*David L. Lomenick, District Attorney, Ralph L. Van Pelt Jr., Assistant District Attorney,* for appellee.