63057. ANTHONY v. THE STATE.

QUILLIAN, Chief Judge.
Jerome Anthony appeals his conviction of armed robbery. From the evidence adduced the jury was authorized to find the defendant and another person entered the Stop N Go convenience store at 1046 Cleveland Avenue, in East Point, Georgia, at approximately 1:15 a. m. on the morning of October 25, 1980. Fay Johnson, the manager, was talking to a customer — Larry Eason. The defendant produced a pistol and told Ms. Johnson to move away from the cash register. Two additional customers — Antonio Thompson and Barry Strickland, came in at that time and the defendant told them to stop. They looked at him and kept walking. The defendant fired one round into the floor and Thompson and Strickland joined Johnson and Eason behind the counter. The defendant jumped over the counter and asked which button opened the register. After removing the cash and taking jewelry from a display case he asked Johnson "did the money order machine move . . .?" Ms. Johnson told him it was bolted to the counter. The manager and the three customers were then placed in the store's cooler until the two robbers departed. At trial all four

witnesses identified the defendant as the tall robber with the gun. Defendant brings this appeal. *Held:*

1. The general grounds are without merit. The requisites of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) were satisfied.

2. Defendant contends the trial court erred in denying his "Motion in Limine" in which he attempted to prevent the state from presenting evidence of "any alleged similar transaction." The state called Larry Freeman, who was employed by the Stop N Go store at 730 Barnett Street, Atlanta. He testified that at approximately 1:00 a. m. on the morning of October 24, 1980, the defendant entered the store and asked for the location of the dog food. When he came to the cash register he produced a pistol and had Freeman lay down on the floor. Another armed man then entered the store. One of them jumped over the counter, but did not know how to open the cash register and fumbled with it for a few minutes before opening it and removing the cash. In addition they took a package of blank Stop N Go money orders. Freeman was then placed in the store's cooler until the men departed.

We find no error in the admission of the similar offense. The Supreme Court, in *State v. Johnson,* 246 Ga. 654 (272 SE2d 321), set forth the test that before evidence of an independent crime is admissible, two conditions must be met: "First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter." 246 Ga. at 655. The defendant was identified as the perpetrator of the first robbery, and the modus operandi of both robberies was the same. Two men accomplished each robbery. Both were armed. In both instances it was a Stop N Go convenience store, at approximately 1:00 a. m. in the morning. In both robberies one of the robbers vaulted over the counter and was unfamiliar with the procedure of opening the cash register. In both cases the personnel at the scene were placed in the store's cooler to permit the robbers to escape. In addition, the prior robbery disclosed that blank Stop N Go money orders were taken and explained why the robber in the last robbery expressed an interest in taking the "money order machine" with him. This tends to show the robbers were the same. The Supreme Court, in *Johnson,* supra, found this issue presented "judgment calls" for the trial court. 246 Ga. at 656. We agree, and find no abuse of discretion of the judge.

3. The defendant enumerates as error the denial of his "Motion to suppress pre-trial identification." It is argued that the procedure followed in the instant case closely paralleled similar procedures

followed in *Baier v. State,* 124 Ga. App. 334 (183 SE2d 622); *Towns v. State,* 136 Ga. App. 467 (221 SE2d 631); and *Bradley v. State,* 148 Ga. App. 722 (252 SE2d 648). We do not agree.

On the afternoon of October 25th, between "2:30, 3:00 o'clock" — two men came to the same Stop N Go store that had been robbed that morning and asked the manager if she "wanted to make some money . . . print some money orders for me." She told him he was crazy and they left. She took down the tag number from their car — TII 123, and called the police.

On the night of January 23, 1981, a DeKalb County policeman saw a car parked outside a nightclub and ran the license number — TII 123, through a registration check. The operator informed him the car was wanted in connection with an East Point armed robbery. The four people in the car were arrested and taken to East Point. The police advised each of the four of his Miranda rights, their right to an attorney, and the presence of that attorney at any lineup in which he might appear. Detective Lambert contacted "College Park, Hapeville and Forest Park to see how many people they had for a lineup and they didn't have enough." Detective Lambert advised each of the four suspects he wanted to conduct "a one-to-one lineup and they said sure . . ." Each of the four suspects signed acknowledgement of receipt of the Miranda warnings, and a separate waiver of counsel to attend a lineup. Thereafter, each of the four men was brought into a room — one at a time — and was viewed through a "two-way mirror" by two witnesses. Fay Johnson identified the defendant as one of the robbers, but Antonio Thompson could not identify anyone. Later, photographs of six men were shown to Larry Eason and Barry Strickland, the other two witnesses to the robbery, and both identified the defendant as one of the robbers. At trial all four positively identified the defendant and Thompson explained that at the showup he was not certain.

One-on-one showups and confrontations, as opposed to conventional lineups, have been continuously condemned in general, but "in each case it is necessary to look at the 'totality of the circumstances' " in making a determination of whether there was a violation of any of the defendant's constitutional rights. *Sherwin v. State,* 234 Ga. 592, 593 (216 SE2d 810). The occurrence of a one-on-one showup, without more, does not necessarily violate due process. Neil v. Biggers, 409 U. S. 188, 198 (93 SC 375, 34 LE2d 401). Nor is there a "per se" exclusion of subsequent in-court identification following allegedly suggestive pre-trial identification procedures for "inflexible rules of exclusion . . . may frustrate rather than promote justice . . ." Manson v. Brathwaite, 432 U. S. 98, 113 (97 SC 2243, 53 LE2d 140). The primary evil to be avoided is the "substantial

likelihood of irreparable misidentification." Coleman v. Alabama, 399 U. S. 1 (90 SC 1999, 26 LE2d 387). Reliability is the criterion for determining admissibility.

We first note that the defendant was advised of his constitutional rights, and even though he was not entitled to an attorney at such pre-trial lineup preceding charges (Kirby v. Illinois, 406 U. S. 682 (92 SC 1877, 32 LE2d 411); *Wimberly v. State,* 233 Ga. 386 (1) (211 SE2d 281)), he waived the right to the presence of counsel and consented to the lineup procedure he now condemns. Secondly, while we do not commend the procedure of showing of the four suspects seriatim, one at a time, to the witnesses, neither do we condemn this practice as unduly suggestive. Therefore we do not find reversible error. See *Yancey v. State,* 232 Ga. 167 (205 SE2d 282); *Davis v. State,* 233 Ga. 847 (213 SE2d 695); *Hobbs v. State,* 235 Ga. 8 (218 SE2d 769); *McCoy v. State,* 237 Ga. 62 (226 SE2d 594); *Gravitt v. State,* 239 Ga. 709 (4) (239 SE2d 149); *Munford v. Seay,* 241 Ga. 223 (4) (244 SE2d 857).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 7, 1982.

*Robert M. Coker,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Paul Howard, Jr., Assistant District Attorneys,* for appellee.