## 64888. GOFF v. THE STATE.

QUILLIAN, Presiding Judge.
The defendant appeals his conviction for armed robbery. *Held:*

1. During redirect examination of one of the officers who investigated the crime, the State's attorney asked the following question: "After you arrested Mendock [the alleged accomplice], did you talk with him?" Upon objection by counsel for defendant, the jury retired and argument was had out of their presence. The objection urged was that to allow the introduction of any reference to any statement made by a codefendant or accomplice would deny the defendant's Sixth Amendment right to confrontation since such accomplice was not present for cross-examination. The State contended the evidence was admissible to explain conduct. After hearing argument the trial judge overruled the objection. Thereafter,

in the jury's presence the following testimony was given in response to questions by the State:

"Q. After you had arrested Mr. Mendock, did you have an occasion to speak with him, sir?

"A. Yes, sir, I did.

"Q. And sir, did he give you any information that caused you to look for a particular person?

"A. Yes, sir, he did.

"Q. And what was the name of that particular person?

"A. Morris Goff."

Counsel for defendant subsequently moved for a mistrial which was denied.

Before this court, the defendant contends: "The trial court erred in permitting the State to introduce into evidence testimony concerning an in-custody statement made by an alleged accomplice."

It is true that introduction of an accomplice's statement or confession which implicates the defendant violates defendant's right of confrontation where the accomplice does not testify and thus there is no opportunity to cross-examine the witness regarding the veracity of such statement. Bruton v. U. S., 391 U. S. 123 (88 SC 1620, 20 LE2d 476); *Price v. State,* 239 Ga. 439, 442 (2) (238 SE2d 24); *Knowles v. State,* 246 Ga. 378, 385 (11) (271 SE2d 615).

Here the witness testified as to a conversation with the alleged accomplice and what he did as a result of that conversation but did not testify as to what the accomplice in fact specifically told him.

Under the facts here, there was no violation of defendant's Sixth Amendment right to confrontation. Moreover, in light of the weight of evidence as to defendant's guilt any error would have been harmless beyond a reasonable doubt in that there is no reasonable probability that the questioned testimony contributed to the conviction. *Munford v. Seay,* 241 Ga. 223, 224 (244 SE2d 857) (Noted as overruled on other grounds in *Fleming v. State,* 246 Ga. 90, 91 (270 SE2d 185)).

2. The remaining enumeration of error is: "The trial court erred in permitting the in-court identification by two witnesses who had participated in a pre-trial identification that was unnecessarily suggestive and conducive to irreparable mistaken identity."

The defendant turned himself in to authorities in Tennessee. When the State of Georgia sought to extradite him, the defendant brought a petition for the Writ of Habeas Corpus. At the hearing in Tennessee, two of the State's "eyewitnesses" attended. The defendant was brought into the courtroom in a group of 8 prisoners, seated and then required to raise his hand when his name was called by the judge. This is the factual basis on which the defendant's

contention is predicated.

As pointed out by the District Attorney's brief, although defendant was represented by retained counsel, no objection was made at that hearing.

There is a two-stage test to apply as to identification procedures: 1) Whether under the totality of circumstances the identification procedures were impermissibily suggestive, and if so 2) whether there was substantial likelihood of irreparable misidentification. *Carter v. State,* 157 Ga. App. 445, 446 (278 SE2d 93); *Gravitt v. State,* 239 Ga. 709, 711 (239 SE2d 149). " 'Even if the pre-trial identification is "tainted," the in-court identification is not constitutionally inadmissible if it does not depend upon the prior identification but has an "independent origin." ' " *Price v. State,* 159 Ga. App. 662, 663 (284 SE2d 676).

Here both witnesses testified that they had previously known the defendant and based on that prior knowledge identified him, although one admitted she did not immediately recognize him at the scene and, in fact, did not realize who it was until much later. That witness' uncertainty and rather confused recitation of what transpired raised a definite issue as to her credibility which was for determination by the jury (*Redd v. State,* 154 Ga. App. 373 (268 SE2d 423)), but did not render her testimony inadmissible.

*Judgment affirmed. Shulman, C. J., and Carley, J., concur.*

DECIDED JANUARY 10, 1983.

*John O. Wiggins,* for appellant.
*David L. Lomenick, Jr., District Attorney, M. Ann Patterson, Roland L. Enloe, Jr., Assistant District Attorneys,* for appellee.