## 65753. WOODY v. THE STATE.

POPE, Judge.

Defendant was indicted, tried and convicted of burglary and forgery. He was sentenced to eight years, to serve five.

The evidence showed that thirty payroll checks and a check writing machine were stolen from a business establishment in Avalon. On that same night two men drove up to a local convenience store in a Chevrolet Monte Carlo automobile. Defendant exited from the passenger side and entered the store. He attempted to cash a payroll check made out to a Ray Sims, but the store clerk refused because defendant could not produce any identification. The two men then drove away. Shortly thereafter the same automobile pulled up to a service station with two men inside. Defendant stayed outside to pump gasoline into the car and the other man went inside to cash a payroll check identical or similar to the one presented at the convenience store. He succeeded and the two men then drove away.

The check came back from the bank the next day as a forgery. The service station manager gave the police a description of the two men and stated that one of them, later identified as defendant, had come to the station often. The convenience store clerk also gave the police a description of defendant and the automobile, including the tag number. The car belonged to defendant's ex-wife and she told the police that she allowed defendant to use it that night. The stolen check writing machine was found on the back seat of the car.

1. Defendant first contends that the trial court erred in refusing to disallow in-court identification of him because the pretrial identification procedures were so suggestive that they rendered any subsequent identification unreliable. The pretrial confrontations were indeed suggestive. The service station manager saw defendant in the jail when he came to view a lineup and the convenience store clerk saw him alone in the observation room. Participants for the lineup were also seen by the witnesses before it was to be conducted. The police canceled the lineup and showed the witnesses a photograph spread instead. Defendant's photograph was picked by the convenience store clerk and the service station manager. Another witness, who was also a victim of forgery but did not see defendant prior to the photograph display, picked the photograph of another man.

It is well established that suggestive pretrial identification procedures mandate the exclusion of in-court identification, or constitute reversible error if the in-court identification is allowed, only if the pretrial procedures created "a very substantial likelihood of irreparable misidentification." Neil v. Biggers, 409 U. S. 188, 198 (93 SC 375, 34 LE2d 401) (1972), quoting from Simmons v. United States, 390 U. S. 377, 384 (88 SC 967, 19 LE2d 1247) (1968); see also Manson v. Brathwaite, 432 U. S. 98, 114 (97 SC 2243, 53 LE2d 140) (1977). The issue is "whether under the 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive." Neil v. Biggers, supra at 199. Five factors were presented in that opinion which have been treated in Georgia as constituting a five-part test. They are: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention and his focus at the time of the crime; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at confrontation; and (5) the time lapse between the crime and confrontation. Id. See generally *Gravitt v. State,* 239 Ga. 709 (4) (239 SE2d 149) (1977); *Heyward v. State,* 236 Ga. 526 (1) (224 SE2d 383) (1976); *Code v. State,* 234 Ga. 90 (5) (214 SE2d 873) (1975); *Payne v. State,* 233 Ga. 294, 299-300 (210 SE2d 775) (1974); *Yancey v. State,* 232 Ga. 167 (205 SE2d 282) (1974).

A survey of the numerous cases involving suggestive pretrial confrontation procedures reveals that reversals on this ground are rare indeed. See, e. g., *Rivers v. State,* 250 Ga. 303 (4) (298 SE2d 1) (1982); *Smith v. State,* 236 Ga. 5 (1) (222 SE2d 357) (1976); *Dagenhart v. State,* 234 Ga. 809 (1) (218 SE2d 607) (1975); *Mathis v. State,* 231 Ga. 401 (6) (202 SE2d 73) (1973); *Anthony v. State,* 160 Ga. App. 842 (3) (287 SE2d 686) (1982); *Paxton v. State,* 160 Ga. App. 19 (2) (285 SE2d 741) (1981); *Moore v. State,* 159 Ga. App. 584 (284 SE2d 88) (1981); *Belcher v. State,* 159 Ga. App. 146 (1) (282 SE2d 760) (1981); *Glass v. State,* 158 Ga. App. 475 (280 SE2d 883) (1981); *Redd v. State,* 154 Ga. App. 373 (2) (268 SE2d 423) (1980); *Bradley v. State,* 152 Ga. App. 902 (264 SE2d 332) (1980). Though rare, there are cases resulting in reversal. See, e.g., *Powers v. State,* 147 Ga. App. 459, 462-64 (249 SE2d 292) (1978); *Towns v. State,* 136 Ga. App. 467 (1) (221 SE2d 631) (1975); see also *Bradley v. State,* 148 Ga. App. 722 (2) (252 SE2d 648) (1979).

Applying the five Neil v. Biggers factors, we find that there was not "a very substantial likelihood of irreparable misidentification." (1) Both the store clerk and service station manager had ample opportunity to observe defendant. The store clerk was face to face with defendant for several minutes and the station manager was able to recognize defendant as a regular patron. (2) The attention of the store clerk was directed to defendant and the station manager's recognition of defendant is evidence of his attentiveness. (3) The store clerk described defendant by sex, height, weight, hair color and the fact that he had a beard and, again, the store manager recognized him. (4) Both witnesses picked defendant's photograph among the display without hesitation (although this is of little consequence because the photographic identification of defendant followed the suggestive initial confrontation). (5) The confrontation was within a week after the commission of the crimes. Under the totality of the circumstances, we hold that there was sufficient independent indicia of reliability to support the allowance of the in-court identifications. Compare *Gravitt v. State,* supra; *Yancey v. State,* supra; *Mathis v. State,* supra; *Belcher v. State,* supra; and *Redd v. State,* supra. We pause to note, however, that the pretrial confrontation procedures in this case cannot be condoned.

2. Defendant contends that the evidence was insufficient to support the conviction on the forgery count. See OCGA § 16-9-1(a) (formerly Code Ann. § 26-1701(a)). We find that the evidence, as summarized, supra, was sufficient to enable the jury, as a rational trier of fact, to find defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Under the evidence, the jury could have reasonably found that

defendant and the other man went together to both the convenience store and the service station to negotiate the check or checks they together forged by means of the stolen check writing machine and checks.

3. Defendant's remaining three enumerations of error raise challenges to portions of the jury charge. Defendant, however, failed to preserve these issues. When asked for objections by the trial court, defendant objected to two unrelated portions of the charge, but failed to reserve the right to object to any other portions. Failure to reserve the right to object in response to the inquiry of the trial court results in a waiver of any objections not raised at trial. *Devoe v. State,* 249 Ga. 499 (292 SE2d 72) (1982).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED MAY 4, 1983 —
REHEARING DENIED MAY 18, 1983 — 

*John A. Nuckolls,* for appellant.
*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.