95 N.J. Super. 50 (1967)
229 A.2d 818
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MILTON GOLDMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 5, 1966.
Decided May 9, 1967.
*52 Before Judges CONFORD, FOLEY and LEONARD.
Mr. Norman Fischbein argued the cause for appellant.
Mr. James R. Zazzali argued the cause for respondent (Mr. Brendan T. Byrne, Prosecutor of Essex County, attorney).
PER CURIAM.
Defendant was convicted of conspiracy to violate the statutes prohibiting operation of a lottery. He appeals on a number of grounds none of which is found to have merit. A previous conviction of defendant on this charge was reversed on grounds not now relevant.
The State's case rested primarily on the testimony of one Josephine Harris, indicted with defendant as a co-conspirator, but not tried. Her indictment was dismissed on motion of the State after the previous trial of defendant. She testified in effect that defendant had requested her "to write numbers for him" some time prior to March 28, 1962, and that she did so under his direction until that day, when she was arrested. She turned over the proceeds to defendant and he paid her a commission.
The first ground of appeal is that since a conspiracy involves action of more than one person, a conviction of only one of two conspirators named in an indictment cannot be sustained. Defendant's position is not sustained by the only case he cites, State v. Oats, 32 N.J. Super. 435 (App. Div. 1954), where the court had for consideration the problem whether a conviction of conspiracy on a plea of non vult should be set aside where the alleged co-conspirator was later acquitted. Pointing to conflicting decisions on the question, the court expressed doubt on the point (at p. 441), but held there was no "manifest injustice" in permitting the conviction to stand (at p. 442). While there is authority that if all but one of the named co-conspirators are acquitted a conviction of the remaining one cannot logically stand, Annotation, 91 A.L.R.2d 700, 705 (1963), this philosophy is not applicable where no disposition on the merits has been made of the *53 charges against the other accused, Id., at p. 711 et seq., as where the charges against the others have been dismissed by nolle prosequi. United States v. Fox, 130 F.2d 56 (3 Cir. 1942), certiorari denied 317 U.S. 666 (1942). Cf. State v. Salimone, 19 N.J. Super. 600 (App. Div. 1952), certification denied 10 N.J. 316 (1952).
Since neither the guilt nor the innocence of Harris was settled by the voluntary dismissal as to her, logic does not call for the automatic exculpation of defendant on that basis. Nor, in our view, does any consideration of fairness or policy. See United States v. Fox, supra (130 F.2d, at pp. 58-59).
Defendant also contends that there was a fatal deficiency of proof in that the indictment charged the conspiracy occurred between March 21 and March 28, 1962, whereas the testimony of Harris indicates the illegal agreement, as distinguished from the overt acts, took place two or three months previously. The witness was rather vague, perhaps purposely so, as to just when the actual arrangement was entered into, but this is not fatal to the State's case. The numbers operations apparently were in progress at the time of the raid and arrest on March 28, and had inferably begun in the then recent past. It is settled that where time is not of the essence or a legal constituent of the crime charged, it need not be proved as precisely as laid in the indictment. State v. Hubbs, 70 N.J. Super. 322, 331 (App. Div. 1961). That rule is applicable here and disposes of the contention. There was no prejudice or impairment of defendant's ability to defend. Cf. State v. Pickles, 46 N.J. 542, 579 (1966).
Defendant's further contention that the sentence in this case is invalid because made by a judge other than the trial judge pursuant to Supreme Court directive has recently been rejected in State v De Stasio, 49 N.J. 247 (May 1, 1967).
The verdict is challenged as against the weight of the evidence and the conviction on the ground that the court should have directed an acquittal. We disagree.
*54 Certain criticisms of the trial court's charge and its denial of a request to charge submitted by defendant are found to lack substance.
Judgment affirmed.