120 N.J. Super. 48 (1972)
293 A.2d 235
STATE OF NEW JERSEY, PLAINTIFF,
v.
JOHN COLLINS, a/k/a STEVE COLLINS, CLARENCE DANIELS AND FRANK LA VECCHIA, a/k/a TIGER LA VECCHIA, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided June 29, 1972.
*49 Mr. John Matthews, III, Assistant Prosecutor, for plaintiff (Mr. Joseph P. Lordi, Prosecutor of Essex County, attorney).
Mr. James A. Palmieri and Mr. Donald J. Meliado, attorneys for defendant Frank La Vecchia.
FULOP, J.S.C.
This is a motion on behalf of the defendant Frank La Vecchia for an order setting aside a verdict which found him guilty of the crime of conspiracy and directing the entry of a judgment of acquittal pursuant to R. 3:18-2.
The defendant La Vecchia was indicted for allegedly conspiring with two Newark police officers to obtain money in violation of law. All three were defendants named in the conspiracy indictment and no one else was named or described as a co-conspirator. The two police officers were charged in a separate indictment with the crime of receiving money in violation of N.J.S.A. 2A:105-1. The two cases were tried together. The jury acquitted both policemen of both charges. They convicted the defendant La Vecchia alone of the crime of conspiracy.
*50 The defendant La Vecchia contends that his conviction cannot stand as a matter of law since all alleged co-conspirators were acquitted.
The State contends that the jury must have found that the defendant La Vecchia had conspired with a fourth person, David Powell, an undercover informant of a federal law enforcement agency. Powell testified that he participated in planning and executing the crimes to obtain information and evidence against the defendants. The State's argument concludes that the verdict of guilty should therefore be permitted to stand.
The gist of the crime of conspiracy is an unlawful agreement between two or more persons. N.J.S.A. 2A:98-1. Although proof of one or more overt acts done to effect the object of the agreement is required in some cases (N.J.S.A. 2A:98-2), the unlawful combination of persons is an essential ingredient of all criminal conspiracies. "The essence of the statutory crime of conspiracy is the joining together of the conspirators with an unlawful intent." State v. Moretti, 52 N.J. 182 (1968), cert. den. 393 U.S. 952, 89 S.Ct. 376, 21 L.Ed.2d 363 (1968) "A conspiracy * * * has generally been defined * * * as a combination between two or more persons by concerted action to accomplish a criminal or unlawful purpose, or some purpose not in itself criminal or unlawful, by criminal or unlawful means." 15A C.J.S. Conspiracy § 35(1) at 721. "The essence of a criminal conspiracy, or the gist, or * * * the gravamen * * * is the unlawful agreement or combination," 15A C.J.S. § 36 at 726-728; State v. Carbone, 10 N.J. 329 (1952).
It is impossible for one person to conspire with himself alone. 15A C.J.S. Conspiracy § 37. In 16 Am. Jur.2d, Conspiracy, § 33 at 144, it is said:
* * * When only two persons are charged as members of a conspiracy and there is failure of proof of guilt of one of them, both must be acquitted, since the acquittal of one and the conviction of *51 the other is legally inconsistent. This is also true where more than two persons are charged with a conspiracy and all except one are acquitted.
The rule does not apply where the indictment charges conspiracy with unknown persons as well as named persons and where alleged co-conspirators are referred to but not joined as defendants. 16 Am. Jur. at 144-145. It does not apply where "no disposition on the merits has been made of the charges against the other accused." State v. Goldman, 95 N.J. Super. 50 (App. Div. 1967). See also discussion by Judge Clapp in State v. Oats, 32 N.J. Super. 435 at 440-441 (App. Div. 1954).
The general rule applies forcefully in this case. The conspiracy indictment alleges that there were three conspirators and only three.[*] Two of them were found not guilty by the jury. If they did not combine with La Vecchia in a criminal purpose, La Vecchia could not have so conspired with them.
The prosecutor's contention that the jury may have found a conspiracy to exist between the undercover agent and La Vecchia is speculative. Even if that were established, the verdict could not stand because the indictment did not *52 charge Le Vecchia with conspiring with Powell, nor with any other person except the co-defendants Collins and Daniels.
A defendant may not be convicted of a crime not charged in the indictment.
The Fifth Amendment provides: "No person shall be held to answer for a capital, or otherwise infamous, crime, unless on a presentment or indictment of a grand jury" * * * The party can only be tried upon the indictment as found by such grand jury, and especially upon all its language found in the charging part. [Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887)]
In State v. Grothmann, 13 N.J. 90 (1953), Justice Heher said:
It is fundamental in the constitutional limitation that an indictment is not amendable by the court to charge an offense not found by the grand jury, either by a substitution of offenses or to supply substantive omissions. * * *
The accused cannot be tried for "two crimes under the charge of one." Wharton's Criminal Evidence (11th ed.), sec. 1039. An indictment "may not be disregarded or amended in order to permit a trial upon a crime not charged by the grand jury * * *"
See also, Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); Russell v. United States, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); United States v. De Cavalcante, 440 F.2d 1264, 1270 (3 Cir.1971).
It was the State's position, supported by all of the evidence on the subject, that Powell was only a pretending conspirator, his true purpose being to get evidence of the commission of crime by the defendants. Therefore defendant La Vecchia probably could not have been convicted of conspiring with Powell alone even if he had been so charged in the indictment. State v. Dougherty, 88 N.J.L. 209 (E. & A. 1915). See 72 Harv. L. Rev. 926-927 (1959) and 1 Wharton's Criminal Law and Procedure, § 83 at 180 (1957), where it is stated:
*53 To be a conspirator, the defendant must have criminally intended to become a party to the conspiracy. It is accordingly held that a person who pretends to join a conspiracy in order to trap the criminals is not a co-conspirator.
For these reasons La Vecchia's conviction was contrary to law. The verdict will be set aside and a judgment of not guilty entered in favor of the defendant La Vecchia.
NOTES
[*] The charging portion of the indictment reads as follows:
 JOHN COLLINS a/k/a STEVE COLLINS, CLARENCE
 DANIELS AND FRANK LA VECCHIA a/k/a
 TIGER LA VECCHIA

between the first day of August, 1970 and the 13th day of December, 1970 at the City of Newark, in the County of Essex aforesaid and within the jurisdiction of this Court, did commit the crime of conspiracy, contrary to the provisions of N.J.S. 2A:98-1, in that they then and there did corruptly and unlawfully conspire among themselves knowingly and willfully and with intent to agree and to achieve the object of the conspiracy, to wit: the violation of the following criminal statutes of New Jersey, * * * N.J.S. 2A:105-1, the unlawful taking of fees or rewards by police officers not allowed by the law for performing their duties as public officers.