178 N.J. Super. 321 (1981)
428 A.2d 1322
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
HARVEY LEE HAWKINS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted March 3, 1981.
Decided March 19, 1981.
*322 Before Judges FRITZ, POLOW and JOELSON.
John J. Degnan, Attorney General, attorney for appellant (Donald S. Coburn, Essex County Prosecutor, of counsel; John S. Redden, Assistant Essex County Prosecutor, on the brief).
No brief submitted on behalf of respondent.
PER CURIAM.
Defendant was indicted with Thomas Eckert and Donna Ann Eckert for conspiracy to violate the narcotics laws. The indictment did not allege the existence of any unindicted or unnamed coconspirators. The three defendants were tried together. The jury found Thomas and Donna Ann Eckert not guilty, but found defendant guilty. Defendant then moved for a judgment of acquittal, contending that the acquittal of the two codefendants precluded the conviction of defendant. The trial judge granted that motion. This is the State's appeal of the judge's determination. We affirm.
If all but one of the named coconspirators are acquitted, a conviction of the remaining one cannot logically stand. State v. Furey, 128 N.J. Super. 12, 23 (App.Div. 1974), certif. den. 65 N.J. 578 (1974); State v. Goldman, 95 N.J. Super. 50, 52 (App.Div. 1967), certif. den. 50 N.J. 288 (1967); Annotation, "Prosecution or conviction of one party to alleged conspiracy as affected by disposition of case against other parties," 91 A.L.R.2d 700, 705 (1963). One person cannot conspire with himself. State v. Carminati, 170 N.J. Super. 1, 15 (App.Div. 1979). The cases in which a conviction of a sole defendant for conspiracy was allowed to stand involve situations where no disposition on the merits had been made of the charges against the other alleged coconspirators. State v. Louf, 126 N.J. Super. 321, 345 (App.Div. 1973), aff'd in part, rev'd in part, 64 N.J. 172 (1973); State v. Furey, supra, State v. Goldman, supra. In Louf the reversal of the convictions of two alleged coconspirators on double jeopardy grounds was held to be not an acquittal on the merits and not inconsistent with their guilt. 126 N.J. Super. at *323 346. In Furey there was an unindicted coconspirator named in the indictment who testified for the State under a grant of immunity. 128 N.J. Super. at 23. In Goldman it was held that since neither the guilt nor innocence of the alleged coconspirators was settled by a voluntary dismissal of the indictment against him before trial, "automatic exculpation" of the defendant was not called for. 95 N.J. Super. at 53.
The State relies on a line of cases which hold that consistency in verdicts is not required. Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932); State v. Thrunk, 157 N.J. Super. 265 (App.Div. 1978); State v. D'Arco, 153 N.J. Super. 258 (App.Div. 1977); State v. Maddox, 153 N.J. Super. 201 (App.Div. 1977); State v. Muniz, 150 N.J. Super. 436 (App.Div. 1977), certif. den. 77 N.J. 473 (1978); State v. Lawrence, 142 N.J. Super. 208 (App.Div. 1976); State v. Still, 112 N.J. Super. 368 (App.Div. 1970), certif. den. 57 N.J. 600 (1971).
It is not necessary to analyze in detail each case regarding inconsistent verdicts relied on by the State. Suffice it to say that none of them involved a conviction in a conspiracy case by the same jury which found the other named coconspirators not guilty. If a jury finds that the State failed to prove beyond a reasonable doubt that Doe conspired with Roe, logic defies an explanation of how it can find proof beyond a reasonable doubt that Roe conspired with Doe. Conspirators must have a "shared objective." State v. Mazur, 158 N.J. Super. 89, 99 (App.Div. 1978), certif. den. 78 N.J. 399 (1978).
We agree with our concurring colleague that the expressions of the New Jersey courts that the acquittal of all but one of the named coconspirators precludes a conviction of the remaining one constitute dicta. We also agree that we should nevertheless accept the good sense of this proposition in a case where, as here, it is directly in issue. Likewise we have no difference with him that it is unnecessary to consider an issue not presented by the case before us.
Affirmed.
*324 FRITZ, P.J.A.D. (concurring).
I am in total agreement with the proposition that an alleged conspirator cannot be convicted of that crime in a trial in which all other alleged conspirators have been cleared of the charge. Those are the circumstances of this case and that is why I agree with the result.
I am not yet persuaded that acquittal of the other coconspirators in other trials should, as a matter of law, justify dismissal of a conspiracy charge against the remaining defendant. The apparent assertions of such a proposition in State v. Furey, 128 N.J. Super. 12, 23 (App.Div. 1974), certif. den. 65 N.J. 578 (1974); State v. Louf, 126 N.J. Super. 321, 345 (App.Div. 1973), aff'd in part, rev'd in part, 64 N.J. 172 (1973), and State v. Goldman, 95 N.J. Super. 50, 52 (App.Div. 1967), certif. den. 50 N.J. 288 (1967) are dicta. State v. Carminati, 170 N.J. Super. 1, 15 (App.Div. 1979), arises from extraordinary circumstances involving a reversal on appeal.
The concept that one cannot conspire with himself alone is obviously sound and irrebuttable. This does not at all diminish the possibility that the proof of conspiracy might in one case be insufficient to persuade a jury of conspiracy beyond a reasonable doubt but in another case against an alleged coconspirator be quite sufficient to convince a jury beyond a reasonable doubt that that coconspirator did not conspire with himself but with the one previously acquitted. See Dunn v. U.S., 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356 (1932). In this context at least the inconsistent verdict argument here forwarded by the State is apposite.
It can be argued, of course, that the same jury in the same case might reject the proofs as to two of three coconspirators as not persuasive beyond a reasonable doubt but find them sufficiently persuasive as to the third. This is what apparently happened here. Such a result by the same jury in the same trial constitutes a repugnancy beyond inconsistency in my judgment. See State v. Dancyger, 29 N.J. 76, 92-93 (1959), cert. den. 360 *325 U.S. 903, 79 S.Ct. 1286, 3 L.Ed.2d 1255 (1959); Vaniewsky v. Demarest Brothers Co., 106 N.J.L. 34 (Sup.Ct. 1929), aff'd o.b. 107 N.J.L. 389 (E. & A. 1931); State v. Janiec, 20 N.J. Super. 471, 481 (App.Div. 1952), rev'd on other grounds 11 N.J. 397 (1953). This because one jury has determined in effect that the persuasive proof was of a one-man conspiracy, an event which neither the law nor common sense accepts.
In my view, then, it is unnecessary to decide the broader proposition in this case. The circumstances of this particular case justify an affirmance without it.