64117. SMITH v. THE STATE.

BANKE, Judge.

The appellant and Ivey J. Potter were jointly indicted on two counts of conspiracy to commit murder. The appellant was found guilty on both counts, while at a later trial Potter was acquitted on motion for directed verdict. On appeal, the appellant contends that the evidence was insufficient to establish his guilt and that Potter's acquittal is fatally inconsistent with the jury's verdict in his case.

The appellant made a taped confession in which he admitted that he had expressed to Potter a desire to get his wife and a man named Kenneth Ray Cason "out of the picture" so that he could marry Cason's wife, and he stated that Potter had volunteered to contact someone for him in this regard. State's witness Johnny Mac testified that Potter approached him with reference to a person named Lee Smith who "had a problem that he would like to get rid of . . ." and gave him what purported to be Smith's phone number. Mac communicated this information to the police and was persuaded to make a series of taped phone calls to Smith. In the first of these conversations, the prospective client agreed to pay $8,000 for Cason's "accidental extermination," but he asked permission to defer

payment until "the insurance comes in." He agreed to pay an additional $6,000 to have his wife taken care of. In the next two phone conversations, a person identifying himself as Smith agreed to obtain photos of the two prospective victims and to deposit them in a phone booth with an $800 down payment. The appellant was arrested immediately after placing the photos inside this phone booth. In his taped confession, the appellant confirmed his participation in these telephone conversations. *Held:*

1. The evidence was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that the appellant and Ivey Potter entered into a conspiracy to commit murder and that they engaged in overt acts in furtherance of this conspiracy. Although the appellant contends that there is no evidence that he and Potter explicitly discussed murder or killing, the jury was authorized to conclude from the evidence of their subsequent actions this was in fact the subject of their discussions.

2. A defendant's conviction for conspiracy is not invalidated by the fact that the only other conspirator named in the indictment is subsequently acquitted at a separate trial. See People v. Holzer, 25 Cal. App. 3rd 456 (102 Cal. Rptr. 11) (1972); Gardner v. State, 396 A2d 303, 309-311 (Md. App. 1979); United States v. Koritan, 283 F2d 516 (3d Cir. 1960), affg. 182 FSupp. 143 (E. D. Pa. 1960); 16 AmJur2d Conspiracy § 26; Anno. 91 ALR2d 730 § 14. See generally Code Ann. § 27-2101. Any language to the contrary in *Weeks v. State,* 66 Ga. App. 553 (1) (18 SE2d 503) (1942), is mere dicta and is not authority for a contrary ruling.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 15, 1982 —
REHEARING DENIED JULY 6, 1982 — ▮▮▮▮▮▮▮▮▮▮▮

*James C. Abernathy,* for appellant.
*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney,* for appellee.