## 39034. SMITH v. THE STATE.

GREGORY, Justice.

Appellant was jointly indicted with Ivy Potter and charged with two counts of conspiracy to commit murder. The trials of the two alleged conspirators were severed. At the first trial, appellant was convicted on both counts of conspiracy by the jury. At a subsequent separate trial, Ivy Potter received a directed verdict of acquittal. Appellant filed a motion in the trial court to set aside his conviction on the ground that one person alone cannot be convicted of conspiracy under Georgia law. The trial court denied the motion and Smith appealed.

The Court of Appeals affirmed the conviction, finding that "[a] defendant's conviction for conspiracy is not invalidated by the fact that the only other conspirator named in the indictment is subsequently acquitted at a separate trial. [Cits.]" *Smith v. State,* 162 Ga. App. 821, 822 (292 SE2d 423) (1982). We granted certiorari in this case of first impression in Georgia. For reasons which appear below, we affirm.

In a joint trial of co-conspirators, a failure of proof as to one conspirator would amount to a failure of proof as to both, the evidence presented being identical. Co-conspirators, alleged to be the only two parties to the conspiracy, may not receive different verdicts when they are tried together. In such a situation, the verdicts are inconsistent because they reach different results regarding the existence of a conspiracy between these two parties based on exactly the same evidence. See 16 AmJur2d Conspiracy § 26; 91 ALR2d 730.

Where co-conspirators, alleged to be the only two parties to the conspiracy, have separate trials, however, a different situation is presented. With two trials, the issue before the court in each case is the guilt or innocence of that particular defendant, which must be proved beyond a reasonable doubt. When the jury returns a verdict of guilty, it indicates that as to this defendant the burden of proving the conspiracy and the defendant's participation in it has been met.

Where the trials are severed, it is highly possible that

co-conspirators could receive different verdicts without those verdicts being fatally inconsistent. In the first trial the evidence may be properly presented, the burden of proving X guilty of conspiracy may be met, and the jury can properly return a verdict of guilty. In the subsequent trial of conspirator Y, however, the death or unavailability of certain witnesses, the failure of the prosecution to present all available evidence, the ineffectiveness of the prosecution in presenting its case, or the difference in jury composition could all affect the verdict. The failure of the prosecution to prove all elements of the conspiracy in the subsequent case would justify a directed verdict of acquittal, as happened in this case, without being inconsistent with the earlier conviction. The fact that Y is subsequently acquitted of conspiracy with X based on a different presentation of evidence cannot affect the validity of the conviction of X. See People v. Holzer, 25 Cal. App. 3d 456 (102 Cal. Rptr. 11) (1972); Gardner v. State, 396 A2d 303, 309-311 (Md. 1979); United States v. Koritan, 283 F2d 516 (3d Cir. 1960); Platt v. State, 143 Neb. 131 (8 NW2d 849) (1943).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 22, 1982.

*James C. Abernathy,* for appellant.
*Glenn Thomas, Jr., District Attorney, John B. Johnson, III, Assistant District Attorney,* for appellee.