## 39938. TYLER v. THE STATE.

WELTNER, Justice.

Henry Lee Tyler was convicted in Richmond County of the murder of Joseph Henry Kallas by means of a handgun.

On the night of October 31, 1981, Tyler, his co-defendant Grant, and one Boynton stopped Kallas as he was driving his car. The three men asked for a ride and Kallas agreed. Shortly thereafter, Boynton apparently left the group, and the others drove to a place where they bought and drank beer. Kallas then was instructed to drive to a cemetery, where he was taken from his car, placed in the center of the road, robbed at gunpoint, and shot in the head. After Tyler and Grant dragged the body to the side of the road, they drove away in Kallas' car. The police found the victim's body early the next morning.

1. The first enumeration of error is the admission of written and taped statements given to the police by Tyler and by Grant.

In Tyler's statement, he said that he had been with Grant and Boynton on the night of the shooting; that they stopped Kallas to ask for a ride, and thereafter had bought and drank beer together; after drinking the beer, Grant instructed Kallas to drive to the cemetery; Boynton then brandished a pistol, and Kallas was ordered out of the car; Grant took his wallet from him; Boynton then shot the victim in the head; after Grant and Boynton dragged the body to the side of the road, the three men drove away in Kallas' car.

Grant's statement was substantially similar, although according to him, Tyler directed Kallas to drive to the cemetery, *both* Grant and Tyler searched Kallas for his wallet before Boynton shot him.

Neither defendant testified at the trial. The court allowed the

police officers to testify as to the contents of the defendants' statements, and the tapes were played after the court instructed the jury to consider each defendant's statement as evidence against that defendant *only.* At the close of the evidence, the court's final instructions to the jury included a charge on felony murder.

We find no error in the admission into evidence of the statements. Each defendant blames Boynton for the actual shooting of Kallas, and in that regard, the statements are exculpatory as to the identity of the "triggerman." Although the statements differ in minor aspects, each defendant acknowledges his own presence at the robbery which preceded the murder.

We have treated this problem at some length in *Tatum v. State,* 249 Ga. 422 (291 SE2d 701) (1982). Consistent with that holding, the admission of the statements was not error.

2. The trial court did not err in admitting into evidence a .32 calibre pistol.

At the trial, an acquaintance of Tyler, one Lawrence, testified that Tyler gave to him a dark-colored pistol approximately one month after the shooting. According to Lawrence, Tyler had said that he "needed to get rid of it" because his son was playing with it. Earlier in the trial, Tyler's co-defendant testified that the murder weapon was a "dark-colored" pistol, which fits the description of the weapon before the jury.

" 'Evidence is relevant to show that accused owned, ... or had in his possession weapons with which the crime was or might have been committed prior to, or after, the commission of the crime.' " *Wilson v. State,* 215 Ga. 782, 783 (113 SE2d 447) (1960), quoting 22 CJS 931, § 611. See also *Devlin v. State,* 147 Ga. App. 703 (250 SE2d 6) (1978). Tyler's second enumeration of error is without merit.

3. Tyler contends that the trial court erred in admitting testimony that placed his character in issue.

Grant's counsel cross-examined a state's witness who had been in prison with Tyler, as follows:

"[Defense counsel]: In what jail were you back in January?

"[Witness]: Fourth Street.

"[Defense counsel]: Were you in the 4th Street jail in January when [they] brought Tyler in?

"[Witness]: Tyler came to jail in November on another charge.

"[Defense counsel]: He came in . . .

"[Witness]: On another charge and they had arrested Phillip [Boynton] and Grant on some charge." The trial court overruled defense counsel's motion for a mistrial.

Although the witness' answer concerning "another charge" against Tyler, Grant and Boynton went somewhat beyond the scope

of the question, it is clear that the witness was attempting to explain the timing of Tyler's arrival in jail in response to defense counsel's question. Accordingly, we find no error in allowing the testimony into evidence.

4. The trial court did not err in giving an "Allen charge" (Allen v. United States, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896)). See *Thornton v. State,* 145 Ga. App. 793, 794 (245 SE2d 22) (1978).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 7, 1983.

*Flanagan & Neely, Douglas J. Flanagan,* for appellant.

*Sam B. Sibley, Jr., District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.