## 73078. WORTHY v. THE STATE.
### (349 SE2d 529)

BANKE, Chief Judge.

The appellant, Willie James Worthy, and his wife, Linda C. Worthy, were jointly indicted but separately tried for the offenses of armed robbery and possession of a firearm during the commission of a felony. The appellant was convicted on both counts, while his wife, who was tried later, was acquitted. The appellant filed this appeal from the denial of his motion for new trial.

The victim testified that as he was leaving the Ladies Galore nightclub in Atlanta at approximately 9:00 p.m. on May 11, 1985, a woman, whom he later identified as Mrs. Worthy, approached his car and asked him if he wanted to have a good time. The victim testified that he declined but that the woman nevertheless went to the passenger side of the vehicle and let herself in, whereupon she pointed a pistol at him and ordered him to drive down the street to another parking lot. After he had done so, the woman demanded and took his money and then attempted to flee on foot; however, she tripped in the parking lot and dropped the pistol. The victim seized this opportunity to pursue and apprehend her, pulling a wig from her head as he did so. However, as he continued to struggle with the woman, he heard a male voice coming from behind him say, "Let her up, or I'm going to blow you away." He looked around to see a man, whom he identified as the appellant, holding what appeared to him to be a chrome-plated, .38-caliber pistol. He immediately released the woman, who retrieved her pistol and got into the passenger side of an

automobile located behind the appellant. The appellant then entered the vehicle, and the two of them drove away in it.

The victim was able to record the license number of the vehicle, which was later determined by police to be registered to Mrs. Worthy. Some three weeks after the alleged robbery, on May 31, 1985, the appellant was observed by police officers driving the wrong way down a one-way street in a vehicle with the same license number. When the officers attempted to stop him, he sped away, leading them on a chase which resulted in injury to one person and damage to three vehicles before he was apprehended. Although the appellant was, of course, arrested at this time, he was not charged with the robbery until almost a month later, due to a lack of awareness on the part of the arresting officers that there was a lookout on the vehicle. An impound search of the vehicle conducted at the time of the appellant's arrest on the motor vehicle charges resulted in the seizure of what was described by police as a silver-plated, .38 caliber revolver from the floorboard. This weapon was described by the victim during the trial as being similar in appearance to the one which the appellant had held on him the night of the robbery.

The appellant acknowledged having been involved in a confrontation with the victim on the night in question but maintained that he had merely offered assistance to a woman, previously unknown to him, whom he believed was being assaulted by the victim. He denied that this woman was his wife, testifying that his wife had been at home that night taking care of their three-year-old son. He further testified that he had attempted without success to locate the woman prior to trial in order to secure her testimony. *Held*:

1. The evidence was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of both the offenses of which he was convicted. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89 (1) (263 SE2d 131) (1980). His wife's acquittal on the same charges does not affect the validity of the appellant's convictions. "Any party to a crime who did not directly commit the crime may be indicted, tried, convicted, and punished for commission of the crime upon proof that the crime was committed and that he was a party thereto, although the person claimed to have directly committed the crime has not been prosecuted or convicted, has been convicted of a different crime or degree of crime, or is not amenable to justice or has been acquitted." OCGA § 16-2-21. Accord *Smith v. State*, 162 Ga. App. 821, 822 (292 SE2d 423) (1982), aff'd 250 Ga. 264 (297 SE2d 273) (1982).

2. The trial court did not err in allowing an Atlanta police officer to testify that on April 30, 1985, he had approached and questioned the appellant and his wife, Linda Worthy, as they were seated inside

a car parked outside another nightclub in another area of town and that Mrs. Worthy had falsely identified herself on this occasion as one Hazel Coward. During previous cross-examination, the appellant had denied that his wife had been with him when this encounter took place. The trial court ruled that the officer's testimony was not admissible solely for impeachment purposes, based on the rule that a witness may not be impeached because of a discrepancy as to a matter unconnected with the charges for which he is on trial. See *Thomas v. State*, 168 Ga. App. 587 (309 SE2d 881) (1983). However, the court nevertheless allowed the testimony, ruling that it was relevant "to show that she [Mrs. Worthy] would be with [the appellant] or had been with him at some other time in some other place."

We agree that the officer's testimony had at least some relevance to the issues being tried. The appellant had previously testified that, on the night the alleged robbery took place, his wife had been at home caring for their three-year-old son, thereby suggesting that her familial responsibilities were more important to her than such other forms of entertainment as barhopping. Evidence that she had been seen in the appellant's company in the parking lot of another nightclub less than two weeks prior to the robbery obviously would tend to negate such an implication.

Where the relevance of evidence is doubtful, Georgia law favors its admission. See *Graham v. State*, 250 Ga. 473, 475 (3) (298 SE2d 499) (1983). Since the testimony in question did not, in and of itself, suggest the commission of another, independent offense, nor otherwise tend to place the appellant's character in issue, we hold that its relevance outweighed any prejudicial impact it might have had and that its admission was consequently proper.

3. Evidence of the appellant's subsequent arrest on other charges while driving the same vehicle he had been driving on the night of the robbery and of the seizure from that vehicle of a pistol which was similar in appearance to the one alleged to have been used by him during the robbery was clearly relevant in that it connected him both to the vehicle and to the weapon. Cf. *Tyler v. State*, 251 Ga. 381 (2) (306 SE2d 263) (1983). Where evidence is otherwise relevant and material to the issues being tried, it is not rendered inadmissible merely because it may incidentally place the defendant's character in issue. See *Drake v. State*, 245 Ga. 798, 802 (267 SE2d 237) (1980); *Davis v. State*, 249 Ga. 309, 310 (290 SE2d 273) (1982).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 8, 1986.

*L. James Weil, Jr.*, for appellant.

*Lewis R. Slaton, District Attorney, H. Allen Moye, Harvey Moskowitz, Assistant District Attorneys*, for appellee.