Ronald A. YEDRYSEK and Jerry A. YEDRYSEK
*v.* STATE of Arkansas

CR 87-87 739 S.W.2d 672

Supreme Court of Arkansas
Opinion delivered November 16, 1987
[Rehearing denied December 21, 1987.]

*James R. Marschewski*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellants, father and son, were

charged with attempted kidnapping and conspiracy to commit kidnapping. They were tried jointly before a jury. Ronald Vedrysek, the father, was found guilty on both counts and sentenced to thirty years and fifteen years, respectively, terms to be served consecutively. His son, Jerry, was found guilty of attempted kidnapping, but was acquitted on the conspiracy charge. On appeal, appellant Ronald Yedrysek raises two points for reversal: 1) the court erred in refusing to set aside his conviction for conspiracy to commit kidnapping when his son and sole co-conspirator was acquitted of conspiracy to commit kidnapping; and 2) the court erred in allowing irrelevant, inflammatory testimony of a police officer into evidence.

On appeal, Ronald repeats the argument he made at trial, that where there are only two alleged co-conspirators, it is legally impossible to find one guilty of the conspiracy and acquit the other. He acknowledges the holding in *Shamlin* v. *State*, 19 Ark. App. 165, 718 S.W.2d 462 (1986), wherein the court, citing Ark. Stat. Ann. § 41-713(2)(c) (Repl. 1977), found no merit in petitioner's argument that his conviction for conspiracy was erroneous because his codefendant was subsequently acquitted. Ronald urges his case is distinguishable because only he and his son were charged with conspiracy, and they were tried jointly.

The general rule has been that conviction of only one defendant in a conspiracy prosecution will not be upheld when all the other alleged conspirators have been acquitted or similarly disposed of. 2 W. LaFave and A. Scott, *Substantive Criminal Law* § 6.5; Annot., 19 A.L.R.4th 192 (1983). In pre-code cases, Arkansas adhered to the general rule. *Gordon* v. *McLearn*, 123 Ark. 496, 185 S.W. 803 (1916); *State* v. *Smith*, 117 Ark. 384, 175 S.W. 392 (1915); *Cumnock* v. *State*, 87 Ark. 34, 112 S.W. 147 (1908). However, Arkansas adopted our present code in 1975, and joined a substantial minority of jurisdictions, which provide it is no defense that the co-conspirators have been either acquitted or convicted of a different offense. Ark. Stat. Ann. § 41-713(2)(c) (Repl. 1977); *see* 2 W. LaFave, *supra*, at 115. The rationale for allowing an inconsistent disposition or verdict is as follows: "[I]t recognizes that inequalities in the administration of the law are to some extent inevitable, that they may reflect unavoidable differences in proof, and that, in any event, they are a lesser evil than granting immunity to one criminal because justice

may have miscarried in dealing with another." *Model Penal Code* § 5.03 explanatory note at 402 (Official Draft and Revised Comments 1985).

Nevertheless, neither the law nor the commentaries support inconsistent verdicts in the case of a joint trial, where no others are alleged to have been involved. 2 W. LaFave, *supra*; Model Penal Code, *supra*. Other jurisdictions, which otherwise allow inconsistent verdicts in separate trials, have recognized the vitality of the rule of consistency in joint trials. *See People* v. *Nunez*, 183 Cal. App. 3d 214, 228 Cal. Rptr. 64 (1986); *Marquiz* v. *People*, 726 P.2d 1105 (Colo. 1986); *Smith* v. *State*, 250 Ga. 264, 297 S.E.2d 273 (1982); *Minniefield* v. *State*, 512 N.E.2d 1103 (Ind. 1987); *Gardner* v. *State*, 286 Md. 520, 408 A.2d 1317 (1979); *Commonwealth* v. *Cerveny*, 387 Mass. 280, 439 N.E.2d 754 (1982); *People* v. *Anderson*, 418 Mich. 31, 340 N.W.2d 634 (1983); *State* v. *Hawkins*, 178 N.J. Super. 321, 428 A.2d 1322 (1981); *Commonwealth* v. *Byrd*, 490 Pa. 544, 417 A.2d 173 (1980); *State* v. *Valladares*, 99 Wash. 2d 663, 664 P.2d 508 (1983).

The Washington case, *State* v. *Valladares*, contains almost identical facts to the case at hand. There, two defendants were charged with conspiracy to deliver a controlled substance. They were tried jointly, and Valladares was found guilty on the conspiracy charge, but his sole alleged conspirator was acquitted. Like our criminal statutes, Washington state's code provides that it is not a defense to a charge of criminal conspiracy that the person with whom the accused is alleged to have conspired has been acquitted. That state's statute also requires, as an element of criminal conspiracy, an agreement with one or more persons. The *Valladares* court stated:

> Clearly failure to prosecute the only co-conspirator, or an inconsistent disposition or inconsistent verdict in a *different* trial, would not affect a defendant's guilt. [Cite omitted.] But, conviction of a defendant accompanied by the acquittal of the only alleged co-conspirator in a *joint* trial, when no unnamed co-conspirators have been alleged, necessarily leads to inconsistent verdicts within the same trial. One verdict would recognize the existence of the requisite corrupt agreement and the other would deny its

existence. It is not logical to assume the Legislature intended such a result in *joint* trials of co-conspirators. It is logical to assume, however, [the statute] was intended to apply only to the effect of inconsistent verdicts in separate or different trials of alleged co-conspirators. [644 P.2d at 513.]

█ Our research reveals no cases that uphold inconsistent verdicts that resulted from joint jury trials of all alleged conspirators. We believe the rationale allowing inconsistent verdicts in conspiracy cases where the conspirators are separately tried does not obtain in the case of joint trials. Unlike where separate trials are involved, the state in a joint trial tries the co-conspirator by use of the same proof bearing on the same charges and offered before the same court or jury. In sum, the prospects of inequality in the administration of the law is greatly reduced when co-conspirators are tried together and inconsistent verdicts are more difficult to explain as anything but an aberrant or miscarriage of justice. Accordingly, we reverse and dismiss Ronald's conviction for conspiracy to commit kidnapping.

For his second point, Ronald argues the court erred in allowing irrelevant, inflammatory testimony of a police officer into evidence. Appellants were arrested on January 5, 1986, for the attempted kidnapping of Harrelyn Ballentine. After a search of an automobile in which appellants were riding revealed evidence of a conspiracy to kidnap Audrey Ballentine, officers went to Ronald's home on January 8 to arrest him on the conspiracy charge. Two officers went to the back door; three to the front. Officer Clay Thomas testified that when Ronald's wife answered the front door, she told them Ronald would be there in a moment, and then shut the door. Ronald was apprehended as he left the house by the back door.

Ronald contends the introduction of this testimony about an arrest three days after the original arrest was irrelevant and only served to inflame and prejudice the jury. He also urges the State should not have been allowed to argue this evidence in closing argument.

█ The evidence was admissible to show Ronald's culpable mental state, and flight to avoid arrest or trial is admissible as

a circumstance in corroboration of evidence tending to establish guilt. *Mason* v. *State*, 285 Ark. 479, 688 S.W.2d 299 (1985). There is nothing in the abstract of record to show Ronald objected to remarks made in closing argument, and we do not consider issues raised for the first time on appeal. *Stephens* v. *State*, 293 Ark. 366, 738 S.W.2d 91 (1987). In addition, the closing remarks were not abstracted but only referred to in the argument section of appellants' brief. Even so, having held the evidence admissible, and allowing the trial judge wide discretion in controlling the arguments of counsel, we hold there was no error.

We reverse and dismiss Ronald Yedrysek's conviction for conspiracy to commit kidnapping but affirm the conviction for attempted kidnapping.