A04A0724. IN THE INTEREST OF A. M. A., a child.
(596 SE2d 756)

RUFFIN, Presiding Judge.

A juvenile court found A. M. A. delinquent for the offense of aggressive driving.[1] In her sole enumeration of error on appeal, A. M. A. challenges the sufficiency of the evidence. Because the evidence supports the juvenile court's finding, we affirm.

On appeal from a delinquency adjudication, we view the evidence in the light most favorable to support the juvenile court's findings.[2] "Moreover, the juvenile court judge, as trier of fact, resolves conflicts in the evidence, and this Court reviews only the sufficiency, not the weight, of the evidence."[3]

Viewed in this light, the record demonstrates that after school on April 23, 2003, Trudy Barrett drove from her high school campus. As Barrett was waiting to leave school property, A. M. A. pulled in front

---

[1] Initially, the juvenile court adjudicated A. M. A. delinquent for the offense of reckless driving. However, the trial court subsequently amended its adjudication order, dismissing the reckless driving count and finding A. M. A. delinquent for driving aggressively.

[2] See *In the Interest of T. H.*, 258 Ga. App. 416, 417 (1) (574 SE2d 461) (2002).

[3] Id.

of her car. Although Barrett did not know A. M. A., she knew several other girls who were passengers in A. M. A.'s car. According to Barrett, some of the passengers had "bullied" her in the past.

While A. M. A. was passing Barrett, the passengers in A. M. A.'s car leaned out of the window, yelling "cuss words" and making obscene gestures toward Barrett. A. M. A., followed by Barrett, pulled onto the road in front of the school. A. M. A. then said to the passengers in the car, " '[w]atch this,' " and she slammed on her brakes. Barrett testified that she could see no reason for A. M. A. braking so suddenly. Barrett braked too and was able to stop. However, the car behind Barrett was unable to stop in time and struck Barrett's car.

Based upon this conduct, A. M. A. was adjudicated delinquent for aggressive driving. OCGA § 40-6-397 (a) provides, in pertinent part, that "[a] person commits the offense of aggressive driving when he or she operates any motor vehicle with the intent to annoy, harass, molest, intimidate, injure, or obstruct another person." The issue of intent is a question for the finder of fact.[4] And this Court will not set aside such factual finding unless it is clearly erroneous.[5]

Here, the evidence shows that A. M. A. knew that Barrett was in the car behind her. The evidence also shows that the passengers in A. M. A.'s car yelled obscenities at Barrett and made obscene gestures toward her. Thereafter, A. M. A. braked suddenly after telling her passengers to "watch this." Based on the evidence presented, the juvenile court was authorized to conclude beyond a reasonable doubt that A. M. A. committed the offense of aggressive driving.[6]

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED MARCH 15, 2004.

*Michael R. McCarthy*, for appellant.
*Kermit N. McManus, District Attorney*, for appellee.

---

[4] See *Craft v. State*, 252 Ga. App. 834, 843 (1) (b) (558 SE2d 18) (2001).
[5] See id. at 844 (3).
[6] See *In the Interest of T. H.*, supra at 418.