A04A0830. In the Interest of S. W., a child.
(603 SE2d 513)

Ruffin, Presiding Judge.

S. W., a 14-year-old girl, was adjudicated delinquent based upon the offense of affray. On appeal, S. W. contends that the juvenile court erred in finding that she committed the offense of affray. She also challenges the fairness of the juvenile court proceeding. Finally, she asserts that the juvenile court erred in failing to conduct a dispositional hearing. For reasons that follow, we reverse.

1. In considering an appeal from an adjudication of delinquency, this Court views the evidence in a light favorable to the juvenile court's findings.[1] Viewed in this light, the record shows that another juvenile, 16-year-old T. G., believed that S. W. had called her a derogatory name. Thus, on September 9, 2003, T. G., her parents, her brother, and a family friend went to confront S. W. at the apartment she shared with her mother. After T. G. and the others arrived at S. W.'s apartment, T. G. allegedly said something derogatory about S. W., who then struck T. G. According to T. G.'s brother, the two girls then "exchang[ed] licks." Both S. W. and T. G. were charged with affray.

Following a bench trial, the juvenile court acquitted T. G. of affray.[2] But the trial court found S. W. guilty of this offense.[3] On appeal, S. W. contends that, given T. G.'s acquittal, the evidence was insufficient to support her conviction for affray. We agree.

An affray is defined as "the fighting by two or more persons in some public place to the disturbance of public tranquility."[4] Thus, to convict under this Code section, there must be two combatants. In *Hawkins v. State*, the Supreme Court held that

> [w]here two are indicted for an affray, the successful [defense] of one will operate as an acquittal of both; as where the evidence shows that one of the parties acted entirely in self-[defense], while the other assaulted and beat [her], the aggressor may be guilty of an assault and battery, but neither

---

[1] See *In the Interest of A. M. A.*, 266 Ga. App. 273 (596 SE2d 756) (2004).

[2] Although the juvenile court purported to "dismiss" the case against T. G., a court has no authority to dismiss a criminal case with prejudice. See *State v. Luttrell*, 207 Ga. App. 116 (427 SE2d 95) (1993). As the trial court "dismissed" the case after T. G. had been tried for the crime, it necessarily acquitted her.

[3] Initially, the trial court placed S. W. on probation and ordered her to perform 100 hours of community service and observe a 6:00 p.m. curfew. Shortly thereafter, based upon S. W.'s conduct after leaving the courtroom, the court amended her sentence such that S. W. would serve 90 days in a "Short Term Program."

[4] OCGA § 16-11-32 (a).

of them guilty of an affray; and neither can be convicted on an indictment therefor; so that on the trial of an indictment for an affray, the aggressor is as much interested to show that both parties did not fight, as the innocent party is to show that fact; the [defense] of one enures to the benefit of the other.[5]

Here, although both T. G. and S. W. were charged with affray, T. G. successfully defended the charge. And, as T. G. was not guilty of affray, neither was S. W. It follows that the trial court erred in adjudicating S. W. guilty based upon the offense of affray.[6]

2. In view of our holding in Division 1, we do not need to address S. W.'s remaining allegations of error. However, S. W. contends that the proceeding in juvenile court violated her right to a fair trial because she was deprived of her right to an attorney, her right to remain silent, and her right to confront witnesses. Given the gravity of the alleged error, we take this opportunity to remind juvenile courts that

[t]he adjudicatory phase of a delinquency proceeding is the functional equivalent of the trial in the regular criminal or civil process. Thus, a juvenile charged with delinquency is entitled by right to have the court apply those common law jurisprudential principles which experience and reason have shown are necessary to give the accused the essence of a fair trial. Those principles include the privilege against self-incrimination and the right of cross-examination.[7]

Although a juvenile proceeding may be less formal than an adult trial, it must nonetheless include the same rights and safeguards.[8]

*Judgment reversed. Eldridge and Adams, JJ., concur.*

DECIDED AUGUST 12, 2004.

*Sutherland, Asbill & Brennan, Teresa W. Roseborough, Deborah M. Danzig, Joseph A. Roseborough,* for appellant.

---

[5] 13 Ga. 322, 324 (1) (1853).

[6] See id. Compare *Watson v. State,* 261 Ga. App. 562, 563-564 (1) (583 SE2d 228) (2003) (in which the jury could infer that both parties charged with affray intended to fight).

[7] (Punctuation and footnotes omitted.) *In the Interest of J. C.,* 257 Ga. App. 657, 658-659 (2) (572 SE2d 21) (2002).

[8] See id. at 661.

*William T. McBroom III, District Attorney, Tammy M. Griner, Assistant District Attorney,* for appellee.