## A05A1072. HUBBARD v. THE STATE.
### (618 SE2d 690)

BARNES, Judge.

Senaca Hubbard appeals his conviction for affray,[1] contending his conviction must be reversed because the other combatant was acquitted. Because Hubbard was tried separately and found guilty by a different jury, we reject this argument and affirm.

> On appeal, the evidence must be viewed in the light most favorable to the verdict and the appellant no longer enjoys the presumption of innocence; moreover, on appeal this court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

(Citation and punctuation omitted.) *Williams v. State*, 217 Ga. App. 636, 638 (3) (458 SE2d 671) (1995). Viewed in this light, the record shows that on May 10, 2003, at 11:30 p.m., a police officer was dispatched on a suspicious persons call. When the officer arrived at the designated location, he found nearby a large group of onlookers

---

[5] *Steele v. State*, 270 Ga. App. 488, 489 (606 SE2d 664) (2004).

[1] Hubbard was also indicted for misdemeanor obstruction and public drunkenness. The trial court granted the defense a directed verdict on the count of public drunkenness, and a jury found Hubbard guilty of obstruction, but this appeal does not concern that conviction.

circling two fighting men and chanting, "fight, fight, fight, fight." Both of the participants in the fight, one of whom was Hubbard, were arrested.

Hubbard's sole argument on appeal is that his conviction for affray must be reversed because the other combatant was acquitted of the crime. In support of this contention, Hubbard relies on the principle that "[w]here two are indicted for an affray, the successful defense of one will operate as an acquittal of both." *Hawkins v. State*, 13 Ga. 322, 324 (1853). See also *In the Interest of S. W.*, 269 Ga. App. 108 (1) (603 SE2d 513) (2004). The State asserts that the record provides insufficient evidence of this acquittal and that this rule applies only when the combatants are tried jointly. Since we find merit in the State's latter argument, we will assume, for purposes of this appeal, that the other combatant was acquitted.

In *Smith v. State*, 250 Ga. 264 (297 SE2d 273) (1982), the Supreme Court addressed whether the acquittal in a separate trial of the only other party to a conspiracy operates to invalidate the conspiracy conviction of the first party. It noted the general rule that

> [c]o-conspirators, alleged to be the only two parties to a conspiracy, may not receive different verdicts where they are tried together. In such a situation, the verdicts are inconsistent because they reach different results regarding the existence of a conspiracy between these two parties based on exactly the same evidence.

Id. The Supreme Court held that this rule does not apply when the conspirators are tried separately, reasoning as follows:

> With two trials, the issue before the court in each case is the guilt or innocence of that particular defendant, which must be proved beyond a reasonable doubt. When the jury returns a verdict of guilty, it indicates that as to this defendant the burden of proving the conspiracy and the defendant's participation in it has been met.
>
> When the trials are severed, it is highly possible that co-conspirators could receive different verdicts without those verdicts being fatally inconsistent. In the first trial the evidence may be properly presented, the burden of proving X guilty of conspiracy may be met, and the jury can properly return a verdict of guilty. In the subsequent trial of conspirator Y, however, the death or unavailability of certain witnesses, the failure of the prosecution to present all available evidence, the ineffectiveness of the prosecution in presenting its case, or the difference in jury composition could all

affect the verdict. The failure of the prosecution to prove all elements of the conspiracy in the subsequent case would justify a directed verdict of acquittal, as happened in this case, without being inconsistent with the earlier conviction. The fact that Y is subsequently acquitted of conspiracy with X based on a different presentation of evidence cannot affect the validity of the conviction of X. [Cits.]

Id. at 264-265. Relying on *Smith*, this Court has found that a prior acquittal of the only other parties to an alleged criminal enterprise did not bar the subsequent Georgia Racketeer Influenced and Corrupt Organizations (RICO) Act conviction of a party in a separate trial. *Brannon v. State*, 243 Ga. App. 28, 32 (1) (b) (530 SE2d 761) (2000). The relevant question is not whether the other parties who were tried separately were acquitted, but whether the evidence presented to the jury was sufficient to support this conviction. Id.

Applying these principles to Hubbard's affray conviction requires us to affirm it. The outcome of the other combatant's trial has no bearing on the validity of Hubbard's conviction and the State presented sufficient evidence to support his affray conviction. See OCGA § 16-11-32 (a), defining an affray as "the fighting by two or more persons in some public place to the disturbance of the public tranquility"; *Watson v. State*, 261 Ga. App. 562, 564 (1) (583 SE2d 228) (2003) (finding sufficient evidence to support affray conviction).

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED JULY 27, 2005.

*Nicholas Pagano*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.